ZELIA A. E. BUCKNER ET AL. v. L. J. VANCLEAVE ET AL.

Decided January 20, 1904.

**1.—Sheriff's Return—Description of Land.**

While it is essential that a sheriff's return upon an execution, under which land is levied upon and sold, as well as his deed made by virtue thereof, should identify the land with reasonable certainty, yet every reasonable rule of construction should be invoked to ascertain, from the description aided by extrinsic evidence, what property is intended to be conveyed.

**2.—Same—Fact Case.**

A sheriff's return upon execution and his deed described the land levied on and sold as "about 1-3 of a league of land," giving the county and general location, "being a part of the league and labor granted as the headright of Thos. P. Crosby, bearing date September 5, 1848." One-third of the league and labor granted to Crosby was located in the county named and was patented to Crosby on the date mentioned, the remainder of the league being located in another county. Held that the description was sufficient to identify the land so patented.

**3.—Trespass to Try Title—Pleading.**

A defendant in trespass to try title is not precluded from showing an outstanding title in a third party under his plea of not guilty, by having plead specially the statute of limitations and improvements made in good faith.

Error to the District Court in an appeal from Gonzales County. Tried below before Hon. M. Kennon.

*B. R. Abernathy,* for plaintiff in error.

NEILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by the plaintiff in error against the defendants in error to recover an undivided one-half of all that Thos. P. Crosby headright league and labor survey situated in Gonzales County, which is described in plaintiff's petition by metes and bounds, and alleged to contain about 1600 acres. A partition of the land between plaintiff and defendants was also asked for.

The defendants answered by pleas of not guilty, the statute of limitations, and improvements in good faith.

In replication to defendants' pleas of limitation plaintiff plead insanity for a period anterior to the accrual of any rights in the defendants or those under whom they claim, lasting until within less than two years next prior to the date of filing this suit.

The case was tried before a jury, who, under a peremptory instruction from the court, returned a verdict for defendants. From a judgment entered upon this verdict, the plaintiff has appealed.

The facts in this case are uncontroverted. They show that the land was patented to Thos. B. Crosby on the 5th of September, A. D. 1848. It is described in the patent as situated in Goliad land district on Los Olmos Creek, a branch of the Sandies, about 43 miles northwest by north of the town of Goliad; that plaintiff, as well as defendants, claim the land under Thos. P. Crosby as a common source, the plaintiff as an heir of the patentee, which claim the evidence is sufficient to establish,

and the defendants under a sheriff's sale made under and by virtue of an alias execution issued out of the District Court of Brazoria County upon a judgment returned on the 10th day of October, 1856, in favor of B. R. Brown against Thos. P. Crosby for the sum of $444.06, which execution was directed to the sheriff of Gonzales County, and commanded him to make of the property of Crosby the amount of the judgment, together with interest and costs, and to return the execution to the term of the District Court of Brazoria County commencing on the first Monday of April, 1857. Under such sale the property was purchased by the plaintiff in execution, and deed executed to him by the sheriff, which was acknowledged by him on the 25th of February, 1857. The judgment and execution, upon which this deed rests, were duly proven. The several defendants exhibited a regular chain of title to the premises in controversy from Brown down to themselves respectively. The evidence shows that the Thos. P. Crosby league and labor survey contains 4605 acres, two-thirds of which lies in Karnes County and one-third in Gonzales County.

*Conclusions of Law.*—The plaintiffs' first assignment of error complains that the court erred in permitting defendants over her objection to introduce in evidence the return of the sheriff on the execution issued from the District Court of Brazoria County in the cause of B. R. Brown v. Thos. P. Crosby, for the reason that the return did not sufficiently describe the land levied upon and sold thereunder.

That part of the return set out in plaintiff's statement under this assignment is as follows: "I received the execution, which is hereto attached, on the 31st day of December, A. D. 1856, and on the same day I seized and levied on about one-third of a league of land lying in Gonzales County on the Los Olmos, a prong of the Sandies, the same being a part of the league and labor granted as the headright of Thos. P. Crosby, bearing date September 5, 1848, about 25 miles from the town of Gonzales; and on the same day I advertised the said land to be sold at the courthouse door in the town of Gonzales, at public auction, to the highest bidder for cash on the first Tuesday, it being the 3d day of February, 1857, by posting notices of the time and place and terms of sale at the courthouse door in the town of Gonzales and two other places in said county of Gonzales, but not in the same city or town for a period of twenty days before said first Tuesday in February."

It is essential that the sheriff's return upon an execution, under which land is levied upon and sold, as well as his deed made by virtue thereof, should identify the land with reasonable certainty; but the degree of certainty required is always qualified by the application of the rule that that is certain which can be made certain. The return will not be declared void nor the deed for uncertainty, if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property is intended to be conveyed. Norris v. Hunt, 51 Texas, 609; Knowles v. Torbitt, 53 Texas, 557; Bowles v.

Brice, 66 Texas, 724; Cantagrel v. Von Lupin, 58 Texas, 570; Pierson v. Sanger, 93 Texas, 160; Norman v. Likens, 90 Texas, 448; Jones on the Law of Real Prop., sec. 323. It is not a matter of conjecture what property the sheriff's return shows was levied upon when we look to the extrinsic evidence. From the return, aided by such evidence, it is. apparent that the very land in controversy was levied upon and sold by virtue of the execution. Therefore the court did not err in admitting the return in evidence over plaintiff's objection.

The description of the land in the sheriff's deed is identical with that on the return made by the sheriff on the execution. There is no substantial variance between the execution by virtue of which the levy was made and the description in the deed of the execution by virtue of which the land was sold. It is apparent that the execution described in the deed is the one by virtue of which the levy and sale were made. We hold, therefore, that the court did not err in permitting defendants to introduce the sheriff's deed in evidence.

Inasmuch as the execution sale and the deed made thereunder conveyed to the purchaser, B. B. Brown, all of Thos. P. Crosby's title in the land, it is unnecessary to discuss any assignment of error which complains of the court's admitting in evidence any of the deeds or title-papers through which defendants or any of them claimed the land under Brown; for the sheriff's deed to him shows an outstanding title, which defeats plaintiff's action. No statement under any proposition or assignment in plaintiff's brief shows any such special plea plead by any of the defendants as would prevent him from interposing as a defense an outstanding title. It certainly can not be seriously contended that a plea setting up improvements in good faith, in which, as an evidence of such faith, the defendant states as facts the deeds under which he claims, deprives him of taking advantage of the defense of an outstanding title.

There is no error in the judgment and it is affirmed.

*Affirmed.*