### LESTER v. RICKS et al.

(Court of Civil Appeals of Texas. San Antonio. Oct. 25, 1911.)

1. SEQUESTRATION (§ 12*)—PROCEEDINGS—AFFIDAVITS—DUPLICITY.

An affidavit for sequestration, stating that plaintiff fears defendant will "injure, illtreat, waste, or destroy" the property, being in the alternative, is bad for duplicity.

[Ed. Note.—For other cases, see Sequestration, Dec. Dig. § 12.*]

2. PLEADING (§ 46*)—PARTIES—REAL PARTIES IN INTEREST.

Where a petition styled an unincorporated bank as plaintiff, but alleged that it was owned by another, it would have warranted a judgment for or against the owner, and a judgment given in the name of the bank would have been res judicata as to him, and hence an affidavit

and bond for attachment made by the owner as agent of the bank were in fact the owner's affidavit and bond, so the suit was brought and the attachment issued by a party having a legal entity.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 101–103; Dec. Dig. § 46.*]

3. ATTACHMENT (§ 90*) — AFFIDAVITS—CLERK OF COURT—INTEREST IN SUIT.

A deputy district clerk is not disqualified to take the affidavit and approve the bond for attachment merely because he is acting as attorney in fact for the attaching party.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 224–230; Dec. Dig. § 90.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by L. T. Lester against E. R. Ricks, in which Stephen Jesko intervened. From a judgment for defendant and a judgment for the intervener, plaintiff appeals. Modified.

A. S. Rollins and Barcus & North, for appellant. Carl Gilliland and W. H. Russell, for appellees.

JAMES, C. J. The original petition was filed March 22, 1909, describing plaintiff as hereinafter stated, alleging that defendant Ricks was indebted to plaintiff in the sum of $3,200 with interest and attorney's fee evidenced by his promissory note in that amount; also in the further sum of $75, advanced defendant by plaintiff on his check; that at the date of said note defendant executed to plaintiff a chattel mortgage on 210 head of cattle, describing same, now in a certain pasture, to secure said note, the mortgage providing that, if the note was not paid at maturity, the said Bank of Bovina is authorized to take charge of the property and sell same to discharge the indebtedness. This petition begins with the allegation: "Now comes the Bank of Bovina, unincorporated, whose place of business is Bovina, Parmer county, Tex., which bank is owned by L. T. Lester of Canyon, Randall county, Tex., hereinafter called plaintiff." The petition alleged the entire indebtedness of defendant, including attorney's fees on the note and the $75, to amount to $3,673.20, and that for the protection of the indebtedness it has become necessary to institute this suit, and apply for a writ of sequestration. The prayer was for judgment according and for foreclosure of the mortgage and for writ of sequestration and general relief. Simultaneously with the filing of the original petition was filed an affidavit for sequestration by L. T. Lester, signing his name thereto as "President & Agent of the Bank of Bovina." The ground for the writ as stated in this affidavit is "that affiant fears the said defendant will injure, illtreat, waste, or destroy said property or remove the same out of the limits of Parmer county during the pendency of this suit." The sequestration bond read, "We, the Bank of Bovina as principal," etc., and was signed, "The Bank of Bovina by L. T.

Lester, President Agent," and by two sureties. The writ issued and the return thereon show the seizure by the sheriff under it of 70 head of stock cattle. On the date of the filing of said original petition, March 22, 1909, a writ of attachment was sued out, the affidavit therefor being made by L. T. Lester, who signed same "L. T. Lester, President & Agent Bank of Bovina." The attachment bond for this writ was executed by "The Bank of Bovina by L. T. Lester, President & Agent" and by sureties. The writ issued same day and the return shows it was executed by the sheriff taking 255 head of stock cattle. On April 5, 1909, an alias writ of attachment was issued, the return showing a levy on 85 head of cattle. On May 19, 1909, an amended petition was filed, which alleged more fully the identity of the Bank of Bovina and L. T. Lester substantially as follows: That at the institution of this suit, and long prior thereto, he was engaged in the banking business in Bovina under the firm or trade name of "Bank of Bovina," that the business thereof was in fact the business of L. T. Lester, and that he adopted said firm or trade name for convenience and business purposes, and that he, L. T. Lester, hereinafter styled plaintiff, complains, etc. Just prior to the filing of this amended petition defendant on May 18th filed motions to quash the writs of sequestration and attachment.

The grounds for quashing the sequestration were as follows: "(1) That it appears from the pleadings that the plaintiff the Bank of Bovina is not a legal entity, and not entitled to maintain a cause of action. (2) The affidavit is insufficient, in that five grounds are alleged in the alternative, and does not state on which ground the affiant relies for the issuance of the writ, whether on one or all. (3) The bond upon which the writ issued was approved by S. G. Bratton, one of the attorneys of record, as deputy clerk, he being also the attorney or one of the attorneys of record in this cause, and had prior to the approval of said bond acted, and was at the time of its approval acting, as attorney for plaintiff. (4) Because the writ was issued by said Bratton under the above circumstances. (5) Because, as appears from the original and amended petitions, L. T. Lester is the plaintiff, and is suing, while it appears from the affidavit, bond, and writ of sequestration that another and different party is plaintiff in the sequestration proceeding, to wit, the Bank of Bovina."

The grounds for quashing the attachment are: (1) That it appears from the record that the plaintiff is not a legal entity, and has no right to sue. (2) Because the bonds were issued and approved by Bratton, who, as appears from the pleading, was at the time of approving the bond one of the attorneys of record for plaintiff. (3) Because

---

*For other cases see·same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

said writs were issued by Bratton under the foregoing circumstances.

This cause was originally in the district court of Parmer county, and was on October 21, 1909, transferred to Deaf Smith county by agreement.

There appears in the record a paper signed by the district judge, stating his conclusions of fact and of law on the motion to quash, and filed May 22, 1909, showing that at the May term of the Parmer district court he heard said motions and made said findings or rulings, the result of which hearing was that the motions were overruled, but we find no order entered at that time on the subject. The only order we find is in the final judgment which was a year later, on May 28, 1910, which recites that on that day came on to be heard these motions to quash the writs, and the court, after hearing them and the evidence and arguments of counsel, is of opinion that they should be in all things sustained and such was the judgment thereon. Counsel for appellants in their brief discuss the questions relating to the dissolution of the writs in connection with said findings made a year prior to the time the judgment shows they were heard and sustained. There were no findings of fact filed as to what evidence was before the court when it made the ruling on May 28, 1910, and we seriously doubt the propriety of dealing with the final ruling on the motions in the light of findings made a year before upon a different hearing. Counsel for appellees do not raise such question, however, and, as we shall explain, it makes no difference in our opinion whether the findings are considered or not.

[1] We are of opinion that the court's judgment as to the sequestration was right, for the sufficient reason that separate and distinct grounds were stated in the affidavit therefor in the alternative. Clark v. Elmendorf, 78 S. W. 541.

As to the attachments we arrive at a different conclusion.

[2] The first question to consider is whether or not the suit was brought and the attachment writs sued out by a party recognized as capable of maintaining an action and of procuring said writs. The writs were sued out, while the original petition was the only pleading in the case. While this petition styled the Bank of Bovina as the party appearing, it states in the same place and connection that said Bank of Bovina "is owned by L. T. Lester of Canyon, Randall county, Texas." This was an allegation of the identity of the "Bank of Bovina" and Lester, and in our opinion Lester figured in the petition as the real plaintiff. Upon the trial of the case on that petition, the allegation of the identity of the Bank of Bovina and Lester, if established, would in our opinion have warranted the court in rendering judgment for or against Lester. And with that allegation in the petition, had judgment been given in the name of the "Bank of Bovina," it would have been res adjudicata as to Lester. Under this view the affidavit and bond for the attachment were in fact his affidavit and bond.

[3] The other ground of the motion to quash the attachments is based on the disqualification of S. G. Bratton, the deputy district clerk, to approve the bond and to issue the writs. The said original petition is signed, "T. C. Taylor and S. G. Bratton, attorneys for plaintiff." In the findings of fact above referred to the court found that Bratton was studying law at the time but had not been admitted to practice; that plaintiff had discussed the cause of action with Taylor and with Bratton, and the latter told plaintiff that he was not a practicing attorney, and could not represent him; that Taylor was employed by plaintiff to bring the suit, and he as a compliment to Bratton and without Bratton's knowledge or consent signed the petition as aforesaid; and that plaintiff never employed Bratton to represent him in the case, but did advise and discuss the management of the suit with him as an attorney. If we considered that we had the right to consider the said findings (which as we have stated were made a year before the court reheard the motions), we would have no hesitation in holding that Bratton was not disqualified. But, whatever facts the court had before him on the second hearing of the motion to quash, it is clear such facts could not have been different from what was alleged in the motion. We will assume that the court found that Bratton was in fact an attorney for plaintiff, and yet from the reasoning of Judge Key in the case of Laning v. Iron City Nat. Bank, 36 S. W. 481, in which a writ of error was refused, Bratton was not disqualified to approve the bond. We therefore conclude that the court erred in quashing the attachments, and should have foreclosed the attachment liens.

There was an intervention in the case by Stephen Jesko. Judgment was rendered in favor of Jesko for pasturage of certain of the cattle seized while in his pasture under a contract with Ricks, the judgment being for $225 and interest, against both plaintiff L. T. Lester and defendant Ricks, and awarding him execution against both, and giving him a first lien sequestered and attached. The petition of intervention was, we think, insufficient to support a personal judgment with execution against plaintiff, and appellant complains of this. We conclude that the decree in favor of Jesko should be modified so as to deny him execution against plaintiff.

We conclude, further, that the decree should be modified so as to foreclose plaintiff's attachment liens.

Plaintiff will be adjudged to pay the costs incurred by the sequestration, and Jesko be adjudged to pay one-half, and defendant Ricks one-half, of the costs of this court.