JOHNSON et al. v. AMERICAN OIL PUMP & TANK CO.   (No. 10903.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 17, 1925.)

**Courts ☞170—Allegation of value of property on which mortgage is sought to be foreclosed is essential to jurisdiction.**

In suit on notes and to foreclose mortgage securing them, allegation of value of property mortgaged is essential to jurisdiction of court, and proof of such value alone is insufficient.

Appeal from Palo Pinto County Court; E. L. Pitts, Judge.

Action by the American Oil Pump & Tank Company against E. Johnson and others. Judgment for plaintiff, and defendants appeal. Reversed, and cause remanded.

Bouldin & Bell, of Mineral Wells, for appellants.

Lindsley M. Brown, of Fort Worth, for appellee.

CONNER, C. J. The appellee instituted this suit for the collection of twelve promissory notes, each in the sum of $30, alleged to have been executed by the defendant E. Johnson on June 22, 1922, and bearing interest at the rate of 7 per cent. per annum from date, the first being due August 7, 1922, and one each month thereafter until all notes were paid.

The appellee alleged that at the time of the execution of the notes the defendant Johnson had executed and delivered to the plaintiff a written contract, by the terms of which it was agreed that the title to the property, which was purchased by defendant Johnson from plaintiff, and for which said notes had been given, should remain in the plaintiff until the property was fully paid for; that said contract had been duly recorded, and constituted a mortgage upon a described pump, tank, and fittings complete, situated in the city of Mineral Wells, Tex., and he prayed for a foreclosure of said mortgage. The appellee further alleged that one R. C. Sanders was claiming an interest in said personal property, and he was made a party.

At a regular term of the court, on September 29, 1923, the court heard the case, and rendered a judgment for the plaintiff against both defendants for the full amount of the notes declared upon, interest, and attorneys' fees, and for a foreclosure of the mortgage as prayed for. Defendants have appealed.

The plaintiff failed to allege the value of the mortgaged property, and such failure is made the only ground of appeal by the appellants. We think it must now be settled that in cases of the character of the one under consideration it is necessary for the plaintiff to allege the value of the property upon which he seeks to foreclose a mortgage; otherwise the jurisdiction of the court does not appear. See Stricklin v. Arrington & Carter (Tex. Civ. App.) 141 S. W. 189; People's Ice Co. v. Phariss (Tex. Civ. App.) 203 S. W. 66; Motex Oil Corporation v. Taylor (Tex. Civ. App.) 233 S. W. 520, and cases there cited.

In reply, appellee insists with great earnestness that sequestration proceedings sued out in the cause shows the value of the property upon which the mortgage rested, and that at best the objection is merely formal, and that a reversal of the judgment can only cause vexatious and useless delay and expense. We think it necessary to only say that, in the absence of an allegation of the value—a jurisdictional fact—proof of the value would not be sufficient. Moreover, in the statement of facts before us, no sequestration proceedings appear, nor does it appear by any agreement or admission that sequestration proceedings were in fact sued out and that the officer in making his return stated the value within the jurisdiction of the county court. And, while the objection made may prove to be in fact without substantial merit, nevertheless the rule announced in the cases above cited is too well established to depart therefrom, and the hardship occasioned by a reversal on the ground stated is one brought about by appellee's failure to make a necessary allegation, which this court does not feel at liberty to supply. Other questions suggested by the state of the record, such as the absence of an allegation that the plaintiff, a nonresident corporation, had a permit to do business in Texas, are not presented by assignment or proposition, and will therefore not be discussed or determined. Because of the error discussed, however, it is ordered that the judgment be reversed and the cause remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes