## WILLIAMS v. GIVINS.   (No. 497.)

Court of Civil Appeals of Texas.   Eastland.
Nov. 9, 1928.

R. D. Cox, Jr., of Austin, for appellant.

Samuel C. Harris, of Loraine, and L. W. Sandusky, of Colorado, Tex., for appellee.

LESLIE, J. The plaintiff, S. O. Givins, sued the defendant, L. A. Williams, in the county court of Mitchell county on a note and to foreclose a chattel mortgage lien upon a crop, horses, farm implements, etc. The note was of date January 3, 1927, for $328.15, bearing 10 per cent. interest from date, providing for attorney's fees, etc. In the progress of the suit a writ of sequestration was obtained by the plaintiff and seizure made of certain items of the property. The trial resulted in a judgment in favor of the plaintiff for his debt, together with a foreclosure of said chattel mortgage lien. The defendant appeals.

The first question presented by proper assignment of error is as to the sufficiency of the affidavit upon which rested the issuance of the writ of sequestration. The affidavit as prepared for the plaintiff was made to state that he (plaintiff) feared the defendant in possession would "injure, ill-treat, waste, or destroy such property or remove the same out of the limits of the county during the pendency of the suit." It is urged that the affidavit is fatally defective, first, because it is duplicitous; and, second, because it does not allege the value of the property to be seized,

item by item. Upon these grounds a motion to quash the writ was urged, but overruled by the trial court.

Section 3, art. 6840, R. S. 1925, provides that a writ of sequestration shall issue in this class of cases:

"When a person sues for the foreclosure of a mortgage or the enforcement of a lien upon personal property of any description, and makes oath that he fears the defendant or person in possession thereof will injure, ill-treat, waste or destroy, or remove the same out of the county during the pendency of the suit."

Section 3 of article 6841 provides that the applicant's affidavit shall state:

"The property to be sequestered shall be described with such certainty that it may be identified and distinguished from property of a like kind, giving the value of each article of the property and the county in which the same is situated."

The law provides that no writ of sequestration shall issue in any case until the party applying therefor shall file an affidavit in writing, meeting the above-specified requirements, along with others not necessary to be mentioned here. It will be noticed that separate and distinct grounds for the writ were stated in the affidavit. They were stated in the alternative, connected by the disjunctive "or," and almost precisely as such grounds were stated in an affidavit under consideration in Lester v. Ricks et al. (Tex. Civ. App.) 140 S. W. 395. There the affidavit was held to be insufficient to support the sequestration proceeding, "for the sufficient reason that separate and distinct grounds were stated in the affidavit therefor in the alternative."

In Clark et al. v. Elmendorf (Tex. Civ. App.) 78 S. W. 538, in which a writ of error was denied by our Supreme Court, this language is found:

"The court properly quashed the writ of sequestration because of duplicity in the affidavit. Appellee stated in the affidavit that she feared 'that the defendants will make use of such possession to waste or convert to their own use the fruits or revenues' produced by the property. These are evidently two distinct grounds for the issuance of the writ of sequestration, the first carrying with it the idea of destruction; the other, appropriation. They are not different phases of the same act and are not synonymous. The same rigid rules applied to attachments apply with equal force to writs of sequestration. Rohrbough v Leopold, 68 Tex. 254, 4 S. W. 460; Dunnenbaum v. Schram, 59 Tex. 281."

It has been uniformly held that an affidavit for sequestration, stating the grounds therefor, as in the instant case, in the alternative, is duplicitous, rendering the writ subject to being quashed upon motion to that effect. Other authorities could be cited, but it is not deemed necessary.

■ The affidavit in the instant case failed to meet and comply with the statutory requisites in another respect. It does not "give the value of each article of the property," as required by section 3 above, and it is probably insufficient for the further reason that it does not specify the county in which the same is situated. There can be no question but what the first ground of complaint just mentioned is well taken, as may be seen from the statute itself, as well as the following authorities: Huckins v. Leitner, 4 Willson Civ. Cas. Ct. App. § 16, 14 S. W. 1016; McSpadden v. La Force (Tex. Civ. App.) 39 S. W. 163; Morgan v. Turner, 4 Tex. Civ. App. 192, 23 S. W. 284; Butts v. Lucia (Tex. Civ. App.) 153 S. W. 686; Gandy v. Cornelius (Tex. Civ. App.) 216 S. W. 467.

■ Upon the trial the defendant resisted the jurisdiction of the trial court by a general demurrer and special exception, upon the ground that the plaintiff's petition failed to state a cause of action, in that it did not allege the value of the property upon which the chattel mortgage lien was sought to be foreclosed. In a suit in the county court undoubtedly the petition in such a case should allege the value of the mortgaged property, as otherwise the court cannot tell whether it has jurisdiction. County courts, except in probate matters, have but limited jurisdiction in this state. The general civil jurisdiction of county courts is limited to cases in which the "matter in controversy shall not exceed $1,000, exclusive of interest." Section 16, art. 5, of the Constitution. Therefore the petition must affirmatively show that the said court has jurisdiction, not that it may have.

■ In determining the jurisdiction of the county court in a particular cause of action, the rule may be briefly stated thus: The amount sued for, as well as the value of the property sought to be foreclosed upon, must be considered in determining the amount in controversy, and whichever is the greater will determine the jurisdiction of the court in the particular case. The matter or amount in controversy is not only the debt, but also the security given for its payment. Smith v. Giles & Shepherd, 65 Tex. 343; Marshall v. Taylor, 7 Tex. 235.

■ In the instant case the plaintiff's petition nowhere alleges the value of the different items of property covered by the chattel mortgage and upon which the lien is sought to be foreclosed. This failure to allege the value of said property was a failure to allege a matter that fixed the jurisdiction of the court in which the suit was pending, and such failure to so allege the value of the property constituted fundamental error, rendering the petition subject to the attack by the demurrers urged. The court should have

sustained the demurrers because the petition did not show that the court trying the cause had jurisdiction to hear and determine it. The proposition is supported by a multitude of authority from our Supreme Court and various Courts of Civil Appeals. Cotulla et al. v. Goggan et al., 77 Tex. 32, 13 S. W. 742; Marshall v. Taylor, supra; Lane v. Howard, 22 Tex. 7; Smith v. Giles, supra; T. & N. O. R. Co. v. Rucker, 99 Tex. 125, 87 S. W. 818; Childress Oil Co. v. Wood, 111 Tex. 165, 230 S. W. 143; T. & N. O. R. Co. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815; Marshall v. Stowers Furniture Co. (Tex. Civ. App.) 167 S. W. 230; R. O. Kipp Co. v. Anglin (Tex. Civ. App.) 270 S. W 893; Allnutt et al. v. Compton (Tex. Civ. App.) 294 S. W. 244; Hodgkinson v. Hartwell (Tex. Civ. App.) 226 S. W. 457; Glasscock et al. v. Sinks (Tex. Civ. App.) 185 S. W 405; Wilkerson v. Huddleston (Tex. Civ. App.) 258 S. W. 884; McKee v. Le Fors (Tex. Civ. App.) 253 S. W. 598.

From the above authorities, and others that might be cited, it is unquestionably true that a failure to allege the value of the mortgaged property, even though the debt is within the jurisdiction of the court, leaves the court without jurisdiction. The trial court should have sustained the demurrers urged by the defendant.

■ In view of a retrial of this cause, there is another assignment that should be noticed. The court submitted a special issue, as follows:

"Did probable cause exist for the issuance of a writ of sequestration?"

It is complained that the issue called for a finding of law and did not enlighten the jury as to what constituted probable cause. Article 2189, Vernon's Ann. Civ. Tex. Statutes 1925, provides for the submission of cases upon special issues and declares:

"In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

The terms should have been defined as required by said statute, and as pointed out in the recent case of Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570.

It is unnecessary to consider other assignments in the record, as they pertain to matters which will not occur upon another trial under properly amended pleadings. Upon the record before us, and as the case comes to this court, the law requires that the defendant's assignments discussed be sustained.

For the reasons assigned, that judgment is reversed, and the cause hereby remanded.