### D. V. BROOKS CO. v. VERA et al.*

### No. 12736.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 21, 1933.

Rehearing Denied Feb. 25, 1933.

George E. Miller, of Fort Worth, for appellant.

Dawson H. Davis and Homer B. Green, both of Fort Worth, for appellees.

DUNKLIN, Justice.

■ The D. V. Brooks Company has prosecuted this appeal from a judgment rendered against it for the sum of $257, with interest, in favor of Mrs. Joe A. Vera, joined by her husband, on a promissory note for the principal sum of $257, providing for interest and attorney's fees, with foreclosure of a chattel mortgage on a certain automobile. In plaintiff's first amended petition upon which the suit was tried the note was set out, together with allegations of the execution of the mortgage, with prayer for foreclosure of the mortgage lien, but there was no allegation as to the value of the automobile. It is well settled that in a suit in the county court to foreclose a lien on personal property the value of the property must be alleged in order to show jurisdiction of the court. See Texas Jurisprudence, pp. 739 to 747, inclusive.

■ It is a further rule that the absence of such allegation of value will render the petition subject to a general demurrer. Williams v. Givins (Tex. Civ. App.) 11 S.W.(2d) 224, and authorities there cited. And we have reached the conclusion that appellant's assignment of error to the action of the court in overruling its general demurrer for lack of an allegation in that petition of the value of the automobile secured by the mortgage should be, and the same is hereby, sustained.

■ In this case the plaintiff sued out a writ of sequestration to impound the machine and in the affidavit for the writ the value of the property was alleged to be $257. That affidavit was filed on the same day plaintiffs' first amended petition was filed, but there was no sequestration sued out on plaintiffs' original petition theretofore filed. Appellee insists that the lack of jurisdictional allegation of value of the machine in the amended petition was cured by the affidavit of value filed for the sequestration writ. The decision in Dubois v. Walters, 289 S. W. 751, by the Court of Civil Appeals at Waco, supports that contention, but we do not concur in that ruling, which, as stated in the opinion, was the first decision on that question in this state. It is a universal rule that the jurisdiction of a court is determined by the allegations in the petition, which must be in writing and filed. The affidavit for sequestration is an ancillary process, and, if the plaintiff's petition does not show jurisdiction of the court, we fail to understand how it can be said that there is a proper basis for the sequestration proceeding. For illustration, according to the statutes, if the defendant resides in a county other than that in which the suit is filed, he must be served with a copy of the petition as well as a copy of the citation. There is no provision for service of a copy of an application for sequestration. If the copy of the petition served on

*Writ of error granted.

him shows that the court has no jurisdiction of the subject-matter, he could ignore it and take no steps to answer the suit, relying upon the rule that a judgment rendered on that petition would be a nullity and subject to collateral attack. It is undoubtedly true that the affidavit for sequestration is not an essential element of plaintiffs' cause of action for debt and foreclosure.

Furthermore, the affidavit necessary to the issuance of a writ of sequestration is presented to the clerk of the court, whose duty it is, under the statutes and without action thereon by the court, to issue the writ if the application is in statutory form, accompanied by a bond to be approved by the clerk in the amount required by the statutes; and, if the allegation of value in the affidavit for sequestration can be looked to to show jurisdiction to determine the merits of plaintiff's suit for foreclosure of a chattel mortgage when the petition fails to embody an allegation of value, then such jurisdiction would be lost if the writ should be quashed for lack of a proper application therefor, or should be voluntarily released by the plaintiff before trial. 11 Texas Jurisprudence, pp. 741–745, and p. 761, par. 42.

Accordingly, the judgment of the trial court is reversed for lack of a showing of jurisdiction in plaintiff's petition upon which the suit was tried, and the cause is remanded without the necessity of a determination of other assignments presented in appellant's brief.