## FOSTER v. FIRST NAT. BANK.
### No. 4211.

Court of Civil Appeals of Texas. Amarillo.
April 23, 1934.

Lackey & Lackey, of Stinnett, for appellant.

Max W. Boyer and R. T. Correll, both of Perryton, for appellee.

JACKSON, Justice.

This is an appeal from a judgment rendered in the county court of Ochiltree county in favor of the appellee against the appellant for $700.04, the foreclosure of a chattel mortgage lien on personal property, and against J. L. Donley and W. R. Caylor, alleged to be the sureties on a bond claimed to have been given by appellant to replevy a portion of the personal property alleged to have been sequestered.

The appellee failed to allege in his petition the value of the property on which it sought to foreclose the mortgage, which it pleaded had been given it by appellant; hence the county court was without jurisdiction to hear and dispose of the suit. Richardson v. Renfro Hardware Co. (Tex. Civ. App.) 33 S.W.(2d) 466; Welder v. First State Bank of Skidmore (Tex. Civ. App.) 37 S.W.(2d) 848; Williams v. Givins (Tex. Civ. App.) 11 S.W.(2d) 224. This error is fundamental, and requires a reversal of the judgment and a dismissal of this appeal. Authorities supra.

In view of another trial, we are calling the attention of the parties to the following: The statement of facts fails to show that appellee introduced in evidence the mortgage which it attempted to foreclose and failed to introduce the affidavit, bond, or writ of sequestration which it claimed was issued. The judgment against the purported sureties on the replevy bond is void, since it fails to fix the separate value of each of the items of property replevied. Johnson et al. v. Whitaker (Tex. Civ. App.) 60 S.W.(2d) 848, 849. Relative to the sufficiency of the affidavit in sequestration, we call attention to the following authorities: Lester v. Ricks et al. (Tex. Civ. App.) 140 S. W. 395; Williams v. Givins (Tex. Civ. App.) 11 S.W.(2d) 224, and authorities cited; Moore v. Ferrier et al. (Tex. Civ. App.) 39 S.W.(2d) 120.

The judgment is reversed, and the appeal dismissed.