MRS. C. B. BROWN ET AL. V. C. C. PETERS.

No. 6501. Decided May 13, 1936.
(94 S. W., 2d Series, 129.)

*Tom McMurray* and *Arthur Lee Moore,* both of Fort Worth, for plaintiffs in error.

Other parts of the record than the pleadings may be looked to to determine the jurisdiction of the trial court. Childress Oil Co. v. Wood, 233 S. W., 566; Texas & N. O. Ry. Co. v. Rucker, 99 Texas, 125, 87 S. W., 818; Tanton v. State Natl. Bank, 43 S. W. (2d) 957; Michot v. Rizer, 46 S. W. (2d) 1111.

*M. Kleberg,* of Fort Worth, for defendant in error.

Jurisdiction cannot be conferred by ex parte affidavit for sequestration. Authorities cited in the opinion.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Plaintiffs in error sued defendant in error in the County Court at Law of Tarrant County to recover a balance of $230.00 principal due on several promissory notes, with interest and attorney's fees, and for foreclosure of a chattel mortgage on personal property given to secure the notes. The petition con-

tained no allegation of the value of the property. Plaintiffs filed, however, on the day the suit was filed, an affidavit to procure the issuance of a writ of sequestration to impound the mortgaged property. The affidavit contained the statement that the property was of the value of $300.00. It was not part of the petition, but was an instrument separately filed, and the petition contained no reference to the affidavit. Judgment was rendered for the debt with interest and attorney's fees and for foreclosure of the lien. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause, holding that general demurrer to the petition should have been sustained because the petition contained no allegation of the value of the property. 58 S. W. (2d) 1063. Writ of error was granted because of conflict between the decision of the Fort Worth Court of Civil Appeals in the present case and the decision of the Waco Court of Civil Appeals in Dubois v. Walters, 289 S. W., 751.

■ It is well settled that "jurisdiction, in so far as matter or amount in value in controversy is concerned, must be detemined by the petition, and that question is concluded by its averments in so far as they state facts in relation to the thing in controversy, unless it otherwise appears that a plaintiff in framing his petition has improperly sought to give jurisdiction where it does not properly belong" (Dwyer v. Bassett & Bassett, 63 Texas, 274, 276); and further, that a petition in a suit in county court for the recovery of an amount within the court's jurisdiction and for foreclosure of a contract lien securing the debt upon personal property is insufficient to invoke the jurisdiction of the court and is subject to general demurrer as failing affirmatively to show jurisdiction, when it contains no allegation of the value of the property. Cotulla v. Goggan & Bros., 77 Texas, 32, 13 S. W., 742; Isbell v. Kenyon-Warner Dredging Company, 113 Texas, 528, 261 S. W., 762; Williams v. Givins, 11 S. W. (2d) 224; Jenkins v. Parks (Com. App.), 49 S. W. (2d) 714; Capsey v. Brumley (Com. App.), 55 S. W. (2d) 810; Foster v. First National Bank, 70 S. W. (2d) 764; Durham v. Simpson, 77 S. W. (2d) 295; Olloqui v. Duran, 127 Texas, 156, 92 S. W. (2d) 436; 11 Texas Jur., p. 739, Sec. 26, pp. 743-744, Sec. 28.

■ The necessary jurisdictional averments must appear in the petition itself. The petition is the first step in the institution of suit, the first page in the record which will conclude the rights of the parties. It invokes the jurisdiction of the court

and presents the facts relied upon for relief. Since these are its purposes and functions, it must not only state a cause of action, but must affirmatively plead facts which bring the case within the jurisdiction of the court in which it is filed. For example, in Capsey v. Brumley (Com. App.), 55 S. W. (2d) 810, the trial court's judgment contained a finding that the personal, property upon which foreclosure was sought was of a certain value, within the court's jurisdiction, yet the trial court's judgment was reversed because the court was without jurisdiction to render judgment on a petition which was fatally defective in failing to allege the value of the property. If the essential jurisdictional averment cannot be supplied from the trial court's finding in its judgment, then it cannot be supplied from an affidavit for sequestration unless it may be held that such affidavit is in fact or in effect a part of the plaintiff's petition.

■ Pleadings in civil suits in district and county courts are defined by statute to "consist of a statement in logical and legal form of the facts considering the plaintiff's cause of action or the defendant's ground of defense." Art. 1997, R. S., 1925. It is provided by Article 2003 that "the petition shall state the names of the parties and their residences, if known, with a concise statement of the cause of action, and such other allegations pertinent to the cause, as the plaintiff may deem necessary to sustain his suit, without any distinction between suits at law and in equity, and shall also state the nature of the relief sought." Thus the essential elements of the plaintiff's cause of action and his right to maintain the action are required to be stated in the petition. "If the suit be in district or county court, no writ of sequestration shall issue, unless a petition shall have been first filed therein, as in other suits in said courts." Art. 6842. The writ of sequestration may issue at the commencement of the suit or at any time during the progress of the suit before final judgment. Art. 6840. These statutory provisions make sequestration auxiliary or ancillary to the suit and dependent upon the filing of a petition sufficient to invoke the court's jurisdiction and to state a cause of action.

Pleadings are thus defined in Ruling Case Law: "Pleadings are the allegations made by the parties to a civil or criminal case, for the purpose of presenting the issue to be tried and determined, whether such issue be of law or of fact. Pleadings relate to the cause of action, either to support or defeat it, being comprised in the record of the case, as destinguished from papers not pleadings, such as motions, mere statements

not entitled to filing, or affidavits." 21 R. C. L., p. 436, Sec. 1. An affidavit filed during the progress of the suit for the purpose of procuring the issuance of a writ of sequestration to impound property involved in the suit is not a pleading or a part of the pleadings within this definition. Sequestration and the several steps taken to accomplish it look to the enforcement of the judgment to follow the trial of the issues made by the pleadings. Sequestration is properly classified as process rather than pleading. "A sequestration has been characterized as a 'judicial deposit.' The writ is a conservatory, auxiliary, and ancillary process." 38 Tex. Jur., p. 161, Sec. 2.

Judge Dunklin in his opinion in D. V. Brooks Company v. Vera, 58 S. W. (2d) 1061, a companion case to the present case, illustrates the ancillary nature of sequestration by calling attention to the fact that when a defendant resides in a county other than that in which the suit is filed he must be served with a copy of the plaintiff's petition, but that there is no provision for service of an application for sequestration; and he observes that such defendant may rely upon the copy of the petition for essential jurisdictional averments without being required to seek them in an affidavit which might be on file in the clerk's office.

Judge Stayton, in the opinion in Isbel v. Kenyon-Warner Dredging Company, 113 Texas, 528, 261 S. W., 762, adopted by the Supreme Court, directed attention to the fact that proceedings for sequestration are summary and that no hearing in relation to them is provided for the defendant until the trial. The opinion treats sequestration as a writ to enforce the jurisdiction of the court rather than as a part of the pleadings.

■ It is held that the truth of the allegations in an affidavit for sequestration cannot be put in issue for the purpose of abating the writ and that if the allegations in the affidavit are false the remedy is by plea in reconvention or by separate action for damages. Southern Surety Company v. Adams, 119 Texas, 489, 505, 34 S. W. (2d) 789; Tyson v. State Bank & Trust Company, 154 S. W., 1055. If statements in the affidavit were part of the plaintiffs' pleadings, the defendant could controvert them.

In Watts v. Overstreet, 78 Texas, 571, 14 S. W., 704, sheep were sequestered and replevied by the defendant. The affidavit for sequestration stated the value of the sheep to be $1.50 per head, but the court found in the judgment that the value was $3.50 a head at the time of the trial and rendered judgment for such value against the defendant on replevy bond. It

was held that the plaintiff could recover the value at the time of the trial, notwithstanding the statement of value in the affidavit for sequestration, and in so holding Judge Collard said:

"The affidavit for the writ must state the value of each article, but this is not required as the limit of recovery in case of replevy by defendant *but as a predicate for the amount of plaintiff's bond for the writ.*" (Our italics.)

Similarly, in Rogers v. Irwin (Com. App.), 60 S. W. (2d) 192, Judge Short, referring to the affidavit for sequestration, said:

"The allegation as to the value of the property sought to be sequestered serves only as a predicate for the amount of the plaintiff's bond."

In Gillies v. Wofford, 26 Texas, 76, plaintiff sued for the recovery of a wagon and team. The petition made no allegation of the value of the property, but an affidavit for sequestration did contain an averment of the value. It was held that the trial court erred in permitting the plaintiff to offer evidence as to the value of the wagon and team against the defendant's objection that there was no allegation of value in the petition, and was further held that the affidavit for sequestration might not be looked to as equivalent to an allegation of value of the petition.

In answer to appellee's insistence in Johnson v. American Oil Pump & Tank Company, 268 S. W., 1055, that its petition for foreclosure in county court, although it failed to allege the value of the mortgaged property, was sufficient because the value was shown by the sequestration proceedings, Judge Conner said:

"We think it necessary only to say that, in the absence of an allegation of the value—a jurisdictional fact—proof of the value would not be sufficient."

■ For the reasons stated and on the authorities discussed, it is our opinion that the affidavit for sequestration is neither in fact nor in effect a part of plaintiffs in error's petition and that its statement of the value of the property may not be considered as equivalent to an allegation of the petition.

Our decision is not in conflict with Texas & New Orleans R. R. Co. v. Rucker, 99 Texas, 125, 87 S. W., 818; Id., 38 Texas Civ. App., 591, 88 S. W., 815. The only question actually considered and decided in that case was whether the value of the property or the amount of the debt determined the jurisdiction of the court.

The judgment of the Court of Civil Appeals is affirmed. Opinion adopted by the Supreme Court May 13, 1936.