## BROWN v. RICKS.

No. 5310.

Court of Civil Appeals of Texas. Texarkana.

Oct. 13, 1938.

S. J. Dotson, of Longview, for appellant.

R. M. Washburn, of Gladewater, for appellee.

HALL, Justice.

Appellee brought this suit against appellant in the County Court of Titus County for the sum of $714 for labor performed as a mechanic on one of appellant's oil wells, and for foreclosure of his laborer's lien on certain oil well equipment.

Appellant answered with general demurrer, general denial, and certain offsets.

On plea of privilege the case was transferred to Gregg County where trial was had before the court without a jury, and resulted in judgment for appellee for the sum of $594, together with foreclosure of his laborer's lien on certain oil well equipment. The case is now properly before this court for review.

Appellant's first proposition is:.

"In this suit, the plaintiff is seeking to recover judgment in the sum of Seven Hundred and Fourteen ($714.00) Dollars with a foreclosure of a laborer's and mechanic's lien on personal property described as oil well derrick, oil well drilling rig and the boilers, pumps and other appurtenances used in connection therewith, and his pleadings contained no allegations showing the value of such personal property, and for said reason failed to show jurisdiction in the County Court to hear said cause, and the pleadings were subject to defendant's general demurrer."

This proposition raises the controlling question on this appeal. There was no allegation in appellee's petition of the value of the property on which a foreclosure of his laborer's lien was sought, and a general demurrer was urged by appellant against said petition for that reason. The trial court overruled appellant's general demurrer, and, in our opinion, his action in so doing constitutes error. The jurisdiction of the trial court in matters of this character must be determined by the allegations in plaintiff's pleadings.

"It is well settled that 'jurisdiction, in so far as matter or amount in value in controversy is concerned, must be determined by the petition, and that question is concluded by its averments in so far as they state facts in relation to the thing in controversy, unless it otherwise appears that a plaintiff in framing his petition has improperly sought to give jurisdiction where it does not properly belong.' (Dwyer v. Bassett & Bassett, 63 Tex. 274, 276); and, further, that a petition in a suit in county court for the recovery of an amount within the court's jurisdiction and for foreclosure of a contract lien securing the debt upon personal property is insufficient to invoke the jurisdiction of the court and is subject to general demurrer as failing affirmatively to show jurisdiction, when it contains no allegation of the value of the property." Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129, 130, and cases there cited.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.