## GORDON et ux. v. MORTGAGE REALTY CO.

### No. 11187.

Court of Civil Appeals of Texas. Galveston.
June 12, 1941.

Rehearing Denied July 31, 1941.

A. F. Sundermeyer, of Houston, for appellants.

Joel H. Berry and E. E. Townes, Jr., both of Houston, for appellee.

CODY, Justice.

This suit was filed by appellee Mortgage Realty Company against appellants (who are man and wife), in trespass to try title to certain real property situated in the City of Houston. The appellee will hereinafter be referred to as plaintiff, and the appellants as defendants as they were designated in the trial court. In addition to filing their answer to plaintiff's suit, defendants themselves filed a cross-action in trespass to try title to the property against plaintiff. A purchaser of the property from plaintiff, pende lite, also intervened in the suit. The case was tried without a jury, and judgment was rendered for plaintiff and intervener against defendants. On the application of defendants, the court filed findings of fact and conclusions of law which fully support. the judgment rendered. In substance these are:

1. That plaintiff was the common source of title.

2. That on October 19, 1932, plaintiff conveyed the property here involved to defendants by a general warranty deed, retaining a vendor's lien to secure the unpaid balance of $2,900.

3 and 4. That on November 15, 1933, defendants executed their promissory note in the sum of $2,500 in renewal· of the first vendor's lien indebtedness, and further secured the payment thereof with a deed of trust to R. W. Akin.

5. That said $2,500 note, and the liens securing its payment, by mesne conveyances, became duly vested in the Metropolitan Service Corporation on August 26, 1936.

6, 7, 8 and 9. That by deed of trust foreclosure proceedings, and mesne conveyances, the title to the property became vested in plaintiff, and plaintiff conveyed it to intervener during the pendency of this suit.

10. That the rental value of the property is $10 per month.

The court's conclusions of law were:

1. That plaintiff and intervener are entitled to recover title to and possession of the property.

2. That defendants were divested of all interest by the foreclosure sale held by the duly appointed substitute trustee on January 5, 1937, and they are not entitled to recover on their cross-action.

3. That if the question is not rendered moot by the foregoing findings, then it it found that the writ of sequestration was not wrongfully sued out.

■ Defendants did not challenge the foregoing findings of fact, and there is evidence in the record, whether properly admissible or not which will support these findings so as to make them binding on defendants. Burnette v. Bassett, Tex.Civ. App., 117 S.W.2d 483; First National Bank v. Blewett, Tex.Civ.App., 89 S.W.2d 487.

Defendants admit that they owe the note for $2,500 which plaintiff has the manual possession of, and admit that it is secured by a valid and subsisting lien if said lien was not in fact foreclosed. But it is their contention that the court admitted over their objection certain evidence which was not properly admissible, and that said evidence so improperly admitted is necessary to sustain the court's 5th finding of fact, supra. We will take up instances of such evidence which defendants claim to have been erroneously admitted.

It was necessary for plaintiff, in order to establish its case to prove, among other things, that the note and lien securing its payment vested in the Central Republic Trust Company trustee, under a certain trust indenture; that the Central Republic Trust Company resigned and ceased to be such trustee; that the City National Bank and Trust Company was appointed as successor trustee in place of the Central Republic Trust Company, and that it accepted such appointment.

■ Plaintiff offered in evidence, and it was admitted over defendant's objection, a certificate by the Recorder of Deeds of Cook County, Illinois that there was an instrument on file in his office photographic copy of which was attached to said certificate. Said photograph disclosed a full and regular resignation by the receiver of the Central Republic Trust Company as trustee under said trust indenture, and said receiver was joined in making said resignation by the Central Republic Trust Company acting through its proper officers. Had a witness testified that the photographic copy was a true and correct copy of an original instrument on file in the office of the Recorder of Deeds of Cook County, Illinois, and that the original could not be removed from said office, such photographic copy would doubtless be admissible as secondary evidence. But a certificate by the Recorder of Deeds of Cook County, Illinois, as to the records of his office, or as to any other fact is not admissible evidence except insofar as it may be made so by statute. We know of no Texas statute which makes such certificate evidence, and none is called to our attention. And plaintiff made no attempt to qualify said certificate as evidence in Texas under 28 U.S.C.A. § 688.

■ Plaintiff contends, as we understand it, that the stipulations signed by defendants make this photographic copy of the resignation admissible. The stipulation relied on is "* * * and the parties may read at the trial hereof from and introduce original papers, abstracts of title duly certified and from the records of Harris County, Texas, of any of the above described instruments without further proof of said instruments and without first having filed same." The certified copy of the resignation is not among "the above described instruments", so is not included within the stipulation.

It is our opinion that the admission of said evidence over defendants' objection was reversible error. Since the cause has to be reversed on this account, no good purpose would be served in further prolonging this opinion to discuss matter which in all probability will not arise upon another trial.

■ ■ The affidavit for the writ of sequestration was in the alternative, and subjects the writ to being quashed. Williams v. Givins, Tex.Civ.App., 11 S.W.2d 224. As the proof failed to disclose that title passed out of defendants, the point cannot be held to be moot.

It follows that the judgment of the court below should be reversed and the cause remanded for a new trial. It is so ordered.

Reversed and remanded.