## LAWRENCE v. LAWRENCE.

### No. 11118.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 12, 1941.

Rehearing Denied Dec. 10, 1941.

Dodson, Ezell & Duke, of San Antonio, for appellant.

Samuel Peterson, of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal from an order of the District Court of Bexar County overruling appellant's motion to vacate an order of the 57th District Court of Bexar County, Texas, appointing a receiver, without notice of hearing, of the Central Finance Company, a partnership formally composed of John F. Lawrence and Ridgeway Lawrence, and dissolved by the death of Ridgeway Lawrence.

Ridgeway Lawrence died on May 19, 1941. On May 28, 1941, his widow, Mrs. Louise Lawrence, applied for and secured, without notice or hearing, the appointment of a receiver to take charge of the affairs of the dissolved partnership.

On July 10, 1941, John F. Lawrence moved to set aside and vacate the order appointing the receiver. A hearing was had, and on July 19, 1941, an order was rendered overruling appellant's motion to set aside and vacate the appointment of the receiver, from which order John F. Lawrence has prosecuted this appeal.

■ The original petition for a receivership did not state the value of the property involved, and therefore did not show that the District Court of Bexar County had jurisdiction of the cause, and was insufficient as a matter of law to support the order appointing a receiver. Lubbock Oil Refining Co. v. Bourn, Tex.Civ.App., 96 S.W.2d 569; Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129.

■ Before the hearing on the motion to vacate the court permitted appellee, Mrs. Louise Lawrence, to file an amended petition alleging the value of the personal property belonging to the Central Finance Company. However, the amended petition thus filed could not make valid the appointing of a receiver, without notice and hearing, upon a fatally defective petition.

■ Unquestionably, John F. Lawrence, as surviving partner, had a legal right to take charge of the assets of the partnership and wind up the partnership affairs. Altgelt v. Alamo National Bank, 98 Tex. 252, 83 S.W. 6, 11; Martin v. Dial, Tex.Com. App., 57 S.W.2d 75, 81, 89 A.L.R. 571. Before a receiver is appointed to take from the possession of the surviving partner the assets of the partnership and administer them, it must be shown that such action is necessary for the preservation of the property. 36 Tex.Jur. § 28, p. 62; Delcambre v. Murphy, Tex.Civ.App., 5 S.W.2d 789; Art. 2293, Vernon's Ann.Civ.Statutes, Subdivisions 1 and 4.

The petition alleged there was a necessity for the appointment of a receiver, because there was danger that the property of the partnership would be removed and lost. The evidence adduced at the hearing fails to sustain this allegation. The evidence does show that John F. Lawrence was very sick at the time of his son's death and at the time the receiver was originally appointed, but that he was much improved and testified as a witness at the hearing to vacate. It was further shown that the partnership property consists of notes and mortgages evidencing money loaned on automobiles and possibly other security. That the business was being conducted by a Miss Linn, who is a very competent employee, and that she was retained by the receiver. That John F. Lawrence is sufficiently recovered to direct the affairs of the business, with the assistance of Miss Linn. That the partnership is indebted to Mrs. John F. Lawrence in excess of the sum of $10,000. The evidence does not show that the assets of the partnership are sufficient to pay this indebtedness, and therefore fails to show that Mrs. Louise Lawrence has any probable interest in such assets as the debts must first be paid. The evidence does show that shortly after the death of Ridgeway Lawrence, Mrs. John F. Lawrence went to the place of business of the partnership and withdrew the sum of $400 leaving an unsigned check as evidence of such withdrawal. This withdrawal alone would not justify the appointing of a receiver, inasmuch as John F. Lawrence is the surviving partner and entitled to the exclusive custody and control of the property belonging to the partnership, and especially is this true as the evidence does not go further and show that such withdrawal will in any way pre-

vent Mrs. Louise Lawrence from receiving her interest, if any, in the partnership. Mrs. Louise Lawrence, though she executed the affidavit to her petition, did not testify at the hearing and her attorney announced in open court that "I understood she knew nothing about it and it wasn't necessary for. the court to put her on."

■ The evidence is insufficient to show a necessity for the appointing of a receiver.

■ Accordingly, the order appealed from will be reversed and judgment here rendered setting aside and vacating the order appointing a receiver.

Reversed and rendered.