**Vincente C. VALADEZ, Appellant,**

v.

**WHITE STORES, INC., Appellee.**

No. 11078.

Court of Civil Appeals of Texas.

Austin.

April 24, 1963.

Victor A. Speert, San Antonio, for appellant.

Henry A. Beltran, San Antonio, for appellee.

HUGHES, Justice.

White Stores, Inc., appellee, sued Vicente C. Valadez in the County Court to recover the balance due, alleged to be $273.98, on his promissory note in the original sum of $377.98 and to foreclose a chattel mortgage lien on one Olympic Television given by him to secure its payment. Appellee also sought recovery of $75.00 attorney's fees and interest.

Trial to the Court resulted in judgment for appellee for the sums sued for plus interest at 6% per annum from the date of judgment and for foreclosure of the chattel mortgage lien on the Olympic Television.

Appellant's single point is that the judgment is erroneous because the Trial Court was without jurisdiction of the subject matter of the suit. The basis for this contention is that the petition filed by appellee failed to allege the value of the television set upon which the chattel mortgage was given by appellant and foreclosed by judgment of the Court. No statement of facts has been filed in this Court.

The record discloses that an affidavit for sequestration of the television set was made by appellee in which its value was stated to be $150.00.

The decision in Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129, controls the disposition of this case.

In that case it was held that a petition filed in the County Court of Law of Tarrant County to recover $230.00 balance due on promissory notes and to foreclose a chattel mortgage on personal property given to secure the payment of such notes failed to show jurisdiction of the Court in the absence of allegations in the petition as to the value of such personal property even though an affidavit for sequestration of such property by plaintiff stated its value to be within the Court's jurisdiction, the Court holding that jurisdiction must be disclosed by the pleadings, and that an affidavit for sequestration is not a pleading. See 15 Tex.Jur.2d, Courts, Secs. 15, 70, 73, 74.

Since the defect in appellee's petition can probably be cured by amendment, we reverse and remand this case and do not order its dismissal.

Reversed and remanded.