Bob BULLOCK, Comptroller of Public Accounts of Texas, et al., Appellants,

v.

**MEL POWERS INVESTMENT BUILDER, Appellee.**

No. 13975.

Court of Appeals of Texas, Austin.

Nov. 28, 1984.

Jim Mattox, Atty. Gen., Bradley Seals, Asst. Atty. Gen., Austin, for appellants.

Constance K. Acosta, Williams, Birnberg & Andersen, Houston, for appellee.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

BRADY, Justice.

This is an appeal by the State Comptroller, Bob Bullock, from a summary judgment of the trial court in favor of appellee, Mel Powers, for refund of sales tax on the purchase of a Jet Commander aircraft. The aircraft was acquired by appellee for the purpose of commencing a charter service to carry persons or property. As a result of an audit by the Comptroller, a tax was assessed against the appellee in the sum of $26,557.53 on the Jet Commander aircraft. On July 11, 1979, appellee paid this tax under protest and filed a protest letter with the Comptroller which was treated by the Comptroller as an administrative refund proceeding. On January 11, 1980, this suit for refund was filed. Both parties filed motions for summary judgment. The trial court granted the taxpayer's motion and rendered judgment for the tax refund.

Appellant Bob Bullock, State Comptroller, argues four points of error: (1) that the trial court erred in finding it had jurisdic-

tion when appellee failed to comply with the statutory requirement of bringing suit within 30 days from the denial of the motion for rehearing; (2) that the trial court erred in denying his motion for summary judgment because the aircraft was never certified or licensed and thus did not comply with the statutory exemption; (3) that the trial court erred in granting the refund because the aircraft was never certified or licensed; and (4) the trial court erred in granting appellee's motion for summary judgment because the aircraft was never used as a licensed certified carrier as provided by law. We sustain the appellants' first point of error, reverse the judgment of the trial court, and order the trial court to dismiss this suit for lack of jurisdiction.

■ The State may not be sued without its consent. *Bullock v. Electro-Science Investors, Inc.*, 533 S.W.2d 892 (Tex.Civ.App. 1976, no writ). The Legislature promulgated Tex.Tax.-Gen.Ann. art. 1.11(A) (Supp. 1982), now codified as Tex.Tax Code Ann. Sec. 112.151–112.154 (Vernon 1982), authorizing the Comptroller to refund payment of certain taxes found to have been paid through mistake of fact or mistake of law.

■ By enacting Art. 1.11(A), the Legislature intended to create a right and a remedy heretofore not recognized at common law. *See Motorola, Inc. v. Bullock*, 586 S.W.2d 706 (Tex.Civ.App.1979, no writ). The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable. *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926).

In resolving this case we must construe the statute as it existed when plaintiff filed suit, January 11, 1980. The text of Art. 1.11(A)(6), as amended by the 1979 Act, contained the following language:

(6) A claimant who is dissatisfied in whole or part with the comptroller's decision upon a claim for refund may file a motion for rehearing before the decision becomes final. The motion for rehear-

ing, which is a prerequisite to filing an action in the courts of this state, must set forth in writing each specific ground upon which the claimant believes the decision of the comptroller is erroneous. If the comptroller denies the motion for rehearing, the claimant may bring an action against the comptroller on the grounds set forth in the claim by filing a petition in a district court of Travis County, Texas, within 30 days of the issue date of the denial of the motion for rehearing. Only the issues set forth in the motion for rehearing may be raised in the court action. The attorney general shall represent the comptroller in the suit. Failure to bring an action within the time specified constitutes a waiver of any demand against the state for the alleged overpayment.

Appellee argues that the 30 day limitation is not jurisdictional. Appellee contends further that the motion for rehearing, and the denial thereof by the Comptroller, is not a condition precedent to filing suit. We do not agree.

The record reveals that appellee's motion for rehearing was not overruled until September 15, 1981. However, appellee filed suit in district court on January 11, 1980. Not until January 25, 1982, did appellee amend his petition to allege jurisdiction under the refund statute.

■ Before a taxpayer could file suit in district court under Art. 1.11(A), three things were required: (1) a tax refund claim must be filed, (2) the motion for rehearing must have been overruled by the Comptroller, and (3) any additional tax must be paid. The statute clearly states that a taxpayer may bring suit against the Comptroller *if* he has complied with the above requirements. Additionally, the grounds contained in the motion for rehearing are the only issues that may be raised in a suit under the refund statute.

■ Appellee cannot maintain suit under the protest statute, Tex.Tax.-Gen.Ann. art. 105 (Supp.1982), because he clearly did not file suit within 90 days of submitting

his protest payment. *Motorola, Inc. v. Bullock, supra.* Appellee cannot maintain suit under the refund statute, Art. 1.11(A), because suit was not filed *after* the motion for rehearing was overruled and within 30 days thereafter. The refund statute was drafted with the legislative intent that a taxpayer should go through administrative channels before filing suit in district court. If suit could be properly filed before the statutory conditions were complied with, the utility of the administrative proceedings would be reduced to a nullity.

It is clear that appellee's original petition failed to allege a cause of action under either Art. 1.11(A) or Art. 1.05. The trial court, therefore, acquired no jurisdiction to entertain suit. Plaintiff's petition "... must state facts which affirmatively show the jurisdiction of the court in which the action is brought." *Brown v. Peters,* 127 Tex. 300, 94 S.W.2d 129, 130 (1936); *Richardson v. First National Life Insurance Co.,* 419 S.W.2d 836, 839 (Tex.1967). "... [I]f the original petition does not affirmatively allege jurisdictional facts concerning the subject matter of the suit ... the only jurisdiction which the court has is to dismiss the suit for want of jurisdiction." *Byke v. City of Corpus Christi,* 569 S.W.2d 927, 930 (Tex.Civ.App.1978, writ ref'd n.r.e.).

The taxpayer, however, insists he had the right to amend his petition to confer jurisdiction upon the trial court. Where the original petition states no cause of action, the trial court's only alternative is to dismiss for want of jurisdiction. *United Production Corp. v. Hughes,* 137 Tex. 21, 152 S.W.2d 327 (1941); *Bullock v. Adickes,* 593 S.W.2d 805 (Tex.Civ.App.1980, writ ref'd n.r.e.). In the instant case, the trial court was without power to hear any proceedings in relation to the case. *Bullock v. Adickes, supra.* The court lacked authority to hear the case and therefore no cause of action existed which would afford the taxpayer the right to amend his original petition. *Id.* at 809.

Amendments to pleadings are permissible only if jurisdiction has attached.

*Indemnity Insurance Company of North America v. Carrell,* 318 S.W.2d 744 (Tex. Civ.App.1958, writ ref'd n.r.e.). The rule that one cause of action can be substituted for another is based on the assumption that the jurisdiction was initially established. *United Production Corp., supra,* 152 S.W.2d, at 330. Any action by the trial court permitting amendments by appellees was a nullity. Likewise, this Court has acquired no jurisdiction by appeal. *Abel v. Bloomfield,* 6 Tex. 263 (1851); *Timmins v. Bonner & Long,* 58 Tex. 554 (1883); *Pettaway v. Pettaway,* 177 S.W.2d 285 (Tex.Civ. App.1943, no writ). We are compelled to reverse the judgment of the trial court and order the cause dismissed. *Pecos & N.T. Ry. Co. v. Canyon Coal Co.,* 102 Tex. 478, 119 S.W. 294, 295 (Tex.1909); *Perkins v. United States Fidelity & Guaranty Co.,* 299 S.W. 213, 219 (Tex.Comm'n App.1927, jdgmt. adopted); *Prince v. Garrison,* 248 S.W.2d 241, 244 (Tex.Civ.App.1952, no writ).

POWERS, J., not participating.