### BOYD v. ADCOCK et al. (No. 619.)

Court of Civil Appeals of Texas. Eastland. Nov. 8, 1929.

Y. W. Holmes, of Comanche, for appellant.

Callaway & Reese, of Comanche, for appellees.

HICKMAN, C. J. In this case the county judge of Comanche county, upon the application of appellees, issued a temporary writ of injunction restraining the levy of an execution under a judgment of the justice's court for $93.50. The injunction commanded the sheriff and the appellant to desist and refrain from further proceedings under the execution issued by the justice's court until the further order of the county court to be holden within and for the county of Comanche, at the courthouse thereof in Comanche, on the 1st Monday in April, A. D. 1929.

Appellant filed a motion to dissolve the injunction on several grounds; one of them being that the county court was without jurisdiction to issue same. A trial was had on the motion to dissolve on the 19th day of April, 1929, resulting in an order overruling it, and this appeal was perfected.

It is the settled law of this state that the county court has no jurisdiction to enjoin the levy of an execution issued out of the justice's court to enforce a judgment, the amount of which is below the original jurisdiction of the county court. De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882.

This holding by our Supreme Court has been uniformly followed. A number of decisions to the same effect are collated in the case of U. O. Colson Co. v. Powell (Tex. Civ. App.) 13 S.W.(2d) 405.

The appellees filed no brief in this court, but since the case was submitted have filed a motion to dismiss the appeal on the alleged ground that the temporary injunction was a mere restraining order, which, by its own terms, expired on the first Monday in April, 1929, and that the question of law involved is therefore moot. The motion comes too late, but, if considered, could not be sustained. It is our construction of the writ that it did not expire by its own terms on the first Monday in April, but that it remained in force pending further orders of the court issuing it. This appeal is predicated upon an order issued later than the first Monday in April, in which the county court refused to dissolve the injunction. It is that order which is the basis of this appeal, and it would be manifestly wrong to refuse to give appel-

lant relief from that order on the ground that the life of the injunction had expired before the order was entered, when the order itself decrees to the contrary.

The motion to dismiss the appeal will be overruled. The judgment of the court below overruling the motion to dissolve the injunction will be reversed, and judgment will be here rendered setting aside and dissolving the writ of injunction.

Reversed and rendered.