## BOOHER v. BROWN.
### No. 4490.

Court of Civil Appeals of Texas. Amarillo.

Oct. 28, 1935.

Bradley & Wilson, of Lubbock, for appellant.

R. L. Graves, of Brownfield, for appellee.

JACKSON, Justice.

The plaintiff, T. I. Brown, in September, 1934, instituted this suit in the county court of Terry county against the defendant, C. W. Booher, to recover the sum of $147.90, and against said defendant and the Panhandle & Santa Fé Railway Company to obtain a temporary injunction enjoining both defendants from shipping and transporting 174 bales of cotton out of Terry county on which appellee alleged that he had a valid and subsisting lien to secure the payment of the sum sued for.

The record discloses that the court granted a temporary injunction, and thereafter appellant and appellee entered into a written agreement, which was filed in court, and by the terms thereof appellant agreed to deposit with the clerk of the court the sum of $175 to be applied to the payment of any judgment which, subject to all his defenses, the plaintiff might obtain against him, and the appellee agreed to release the Panhandle & Santa Fé Railway Company and all the cotton from the restraining order theretofore issued.

The plaintiff pleaded sufficient facts to constitute his cause of action against the defendant, C. W. Booher, and to authorize the issuance of a temporary injunction against both defendants; but he failed to allege the value of the cotton on which he asserted a lien. Therefore, the county court was without jurisdiction to issue the temporary injunction. De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Salamy v. Bruce et ux. (Tex. Civ. App.) 21 S.W.(2d) 380.

The court had jurisdiction of the amount of the claim against the defendant, C. W. Booher, $147.90, under the act of the Legislature providing: "That the County Court of * * * Terry * * * shall have

and exercise original concurrent jurisdiction with the justices' courts in all civil matters which by the General Laws of this State is conferred upon justices' courts." Acts 34th Leg. c. 88, p. 141, § 1.

On a trial on the merits the court, on February 20, 1935, dismissed from the suit the Panhandle & Santa Fé Railway Company, and dissolved the injunction in accordance with the agreement theretofore filed in court, and upon the verdict of the jury rendered judgment that T. I. Brown have and recover of C. W. Booher the sum of $59.50, with interest thereon from the 10th day of September, 1934, at the rate of 6 per cent. per annum, and costs of suit, from which judgment this appeal is prosecuted.

 Appellant, by proper assignments, assails the action of the court in rendering judgment against him because appellee having failed to allege the value of the property on which he asserted a lien, the court was without jurisdiction to entertain the suit.

We have no statement of facts.

The appellee undertakes to maintain the jurisdiction of the court because he limited the foreclosure of his lien, by the prayer in his petition, to so much of the cotton only as was necessary to pay the judgment.

Appellee's prayer in his first amended petition, on which the case was tried, is as follows: "Wherefore, plaintiff prays the court that upon final hearing he have judgment against the defendant C. W. Booher, for his damages and costs of suit; that the temporary injunction heretofore issued herein be made permanent; that he have judgment foreclosing his lien against the cotton herein described, and that an order of sale be issued ordering the sale of so much of same as is necessary to satisfy plaintiff's lien and all costs of suit; for such other and further relief in law and in equity, general and special, to which he may be entitled to receive."

The appellee had alleged that he had a valid and subsisting lien on 174 bales of cotton, each of which he described by number, and it will be noted that his prayer is "that he have judgment foreclosing his lien against the cotton herein described," which is a specific prayer for the foreclosure of his lien on the entire 174 bales of cotton. The fact that he asked for an execution ordering the sale of so much of such cotton as was necessary to satisfy his lien would not, in our opinion, relieve him from showing affirmatively in his petition the value of the cotton on which he asked a foreclosure.

"The jurisdiction of a court is determined, not by the judgment rendered, but by the petition. City of Fort Worth v. Zane-Cetti (Tex. Com. App.) 29 S.W.(2d) 958. It is settled that the petition must affirmatively show jurisdiction, and a judgment rendered by a county court on a petition which fails to affirmatively plead facts bringing the case within its jurisdiction presents fundamental and reversible error." Campsey v. Brumley (Tex. Com. App.) 55 S.W.(2d) 810, 811, 812, and authorities therein cited.

On this authority the judgment is reversed, and the cause remanded to the county court for further proceedings in accordance with this opinion.