## HEARN v. RALPH SOLLITT & SONS CONST. CO.

No. 4828.

Court of Civil Appeals of Texas. Texarkana.

March 12, 1936.

Rehearing Denied March 19, 1936.

C. C. Morris and Troy Smith, both of Tyler, for appellant.

Burgess, Chrestman & Brundidge, of Dallas, for appellee.

JOHNSON, Chief Justice.

This suit was instituted by appellant, George Hearn, plaintiff in the trial court, against appellee, Ralph Sollitt & Sons Construction Company, defendant, to recover 70 cents per hour for 738 hours at $1 per hour, less credit paid of 30 cents per hour, leaving a balance of $516.60 alleged to be due plaintiff for labor performed by him in the capacity of signaling the hoisting engineer for 400 hours, operating a concrete mixer for 250 hours, and doing structural ironwork for 88 hours at the instance of defendant contractor constructing a federal courthouse and post office building in the city of Tyler, Smith county, Tex. The defendant answered by general demurrer and general denial. The general demurrer was overruled, and the cause proceeded to trial to a jury. At the close of plaintiff's evidence, the court directed the jury to return a verdict in favor of the defendant. The plaintiff has appealed.

The first matter to be determined is a motion presented in this court to dismiss the appeal for the reason, it is contended, that plaintiff's petition shows on its face that the amount involved, which plaintiff was entitled, if anything, to recover, is below the jurisdiction of the county court, the court in which the case was tried.

Plaintiff's petition alleged in substance that defendant Ralph Sollitt & Sons Construction Company entered into a contract with the United States government to construct a courthouse and post office building in the city of Tyler, Smith county, Tex.; that for want of a copy of the contract plaintiff could not allege its provisions in full, and called on defendant to produce the same; on information and belief he alleged the contract provided that defendant should pay its laborers the prevailing wage scale for that kind and character of work in that locality; that defendant contracted with Lloyd Orr Goble, construction engineer, and Thomas P. Hyland of the United States Department of Labor, acting for and in behalf of all laborers, including plaintiff, engaged in working on said building, to pay the engineer, hoisting, $1 per hour and the structural ironworkers $1 per hour, and many other laborers $1 per hour; that by virtue of said agreement plaintiff was entitled to recover for each hour's labor performed by him in the capacity above stated the sum of $1 per hour; and further alleged:

"That Ralph Sollitt & Sons Construction Co., defendant herein, did wilfully, maliciously, negligently and with the intent to defraud this plaintiff only pay him thirty cents per hour for signaling the engineer, operating the concrete mixer, and doing structural iron work, where in truth and in fact he was entitled to receive $1.00 per

hour for these classes of labor, and which was in violation and not in keeping with its contract and agreement hereinabove referred to, and when the plaintiff was advised of the agreement as to the amount of money defendant agreed to pay per hour for the kind and character of labor the plaintiff 'had done and was then doing, and when he the plaintiff made demand upon the defendant's agent, R. E. Pritz, for the balance due him of 70 cents per hour which is the difference in the amount received and the amount due him, the said R. E. Pritz refused to pay the plaintiff the difference of 70 cents per hour and then and there fired and discharged the plaintiff from the job, and still fails and refuses to pay him. That the defendant is indebted to plaintiff in the approximate sum of $516.60 dollars.

"That the plaintiff through his attorney presented his claim to Lloyd Orr Goble whom we understand is the agent of the Department of Labor and he refused to give us any assistance.

"Wherefore, premises considered, plaintiff prays that defendant be cited to appear and answer herein and that upon a hearing hereof that he have judgment against Ralph Sollitt & Sons Construction Co., a balance of 70 cents per hour for the number of hours plaintiff has worked at signaling the engineer, operating the concrete mixer and doing structural iron work, costs of suit and such other and further relief special and general in law and in equity to which he may show himself entitled."

The record shows that appellee offered no special exceptions to the petition. In its motion presented to this court to dismiss the appeal for want of sufficient amount involved to confer jurisdiction of the trial court, appellee contends: "That the most appellant could have been entitled to recover, under the law and under the allegations of his petition, was $61.60 (for 88 hours structural ironwork at $1.00 per hour, less credit of 30¢ per hour paid), which facts were and are apparent from the face of said petition," because the petition, it is contended, "does not allege that, in said contract appellee agreed to pay the hoisting engineer's helper, or the man who gave the hoisting engineer his signals, $1.00 per hour, or any other amount, * * * and does not allege that, in said contract appellee agreed to pay the operators of the concrete mixer $1.00 per hour, or any other amount." In other words, appellee's contention is to the effect that appellant's

petition is insufficient in allegations of fact to admit evidence authorizing recovery upon the two alleged items of labor of 400 hours performed in signaling the hoisting engineer and 250 hours in operating the concrete mixer, and that the amount for doing structural ironwork which plaintiff was entitled to recover, being only $61.60, was below the jurisdiction of the trial court.

We do not think the petition was so insufficient in lack of allegations of fact charging liability in respect to the two items of labor mentioned as to render the petition with respect to such items subject to general demurrer. Rule 17, adopted by the Supreme Court for practice in district and county courts (142 S.W. xviii), provides: "General exceptions shall point out the particular instrument in the pleadings, to wit, the original petition or answer, or the respective supplements to either; and in passing upon such general exception every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency."

In Garza v. Kenedy (Tex.Com.App.) 299 S.W. 231, 233, it is held: "In testing the sufficiency of a petition by a general demurrer, much liberality is indulged by the courts, even though much of the pleading is made up of what is generally termed 'conclusions of the pleader,' drawn from the facts not revealed. Yet, such a defect in pleading can only be reached by special demurrer against that defect and cannot be reached by general demurrer. Bragg v. Houston Electric Co. (Tex.Civ.App.) 264 S.W. 245; Saner-Ragley Lumber Co. v. Spivey (Tex. Civ.App.) 255 S.W. 193."

Appellee's motion to dismiss the appeal is grounded upon the following authorities, among others: Askey v. Oliver Chilled Plow Works (Tex.Civ.App.) 57 S.W.(2d) 210; Carswell & Co. v. Habberzettle, 99 Tex. 1, 86 S.W. 738, 740, 122 Am.St.Rep. 597; Richards Medicine Co. v. Graves (Tex.Civ.App.) 273 S.W. 702. From syllabi in Askey v. Oliver Chilled Plow Works, supra, is quoted: "Suit should be dismissed, though petition claims jurisdictional amount, if facts alleged show no cause of action for such part thereof as to reduce it below required sum."

From Carswell & Co. v. Habberzettle, supra, is quoted: "It is now the settled law in this court that, although the amount claimed in the petition may be sufficient to give the court jurisdiction of the case, yet if the facts alleged be such as to show no

cause of action as to such part of the whole sum sued for as to reduce it below the amount for which the court has jurisdiction, the suit should be dismissed."

From Richards Medicine Co. v. Graves, supra, is quoted: "It appears from the facts stated in appellee's petition that $460.07 of the amount of damages sued for by him was not recoverable under the law of this state, and this left his petition showing that, at the most, he could recover only about $39.-93, and that amount was below the jurisdiction of the trial court. Such facts appearing from the appellee's petition itself, the trial court under our practice ought to have sustained the general demurrer and dismissed the case, and the proper order for this court to make is to reverse the trial court's judgment and dismiss the cause, which is accordingly done. Western Union Telegraph Co. v. Arnold, 97 Tex. 365, 77 S.W. 249, 79 S.W. 8; Martin v. Goodman (Tex.Civ.App.) 187 S.W. 689; Carswell & Co. v. Habberzettle, 99 Tex. 1, 5, 86 S. W. 738, 122 Am.St.Rep. 597."

We do not think appellant's petition comes within the rule of law declared in the above authorities. Should it be assumed that appellant's petition was subject to a general demurrer for failure to specifically allege that "in the contract appellee agreed to pay $1.00 per hour for signaling the hoisting engineer and for operating the concrete mixer," such failure to fully plead the facts sufficient to allege the cause of action as to such items of labor would not bring the petition within the rule announced in the above authorities, which rule is applicable to a petition affirmatively showing from the facts alleged that plaintiff has no cause of action thereon. There is a difference between a petition which fails to fully allege facts on which the cause of action is based and a petition which alleges the facts, but from which facts it affirmatively appears that plaintiff has no cause of action thereon. As illustrative, appellant's failure to allege that "in the contract appellee agreed to pay $1.00 per hour for signaling the hoisting engineer and for operating the concrete mixer," is not in legal effect equivalent to having affirmatively alleged that appellee did not in the contract agree to pay $1 per hour for that work. Appellee's petition is not subject to a criticism of affirmatively showing that he had no cause of action for the work of signaling the engineer and operating the concrete mixer. But, assuming that the petition was subject to exceptions for failure to sufficiently allege the facts on which the claim for signaling the hoisting engineer and operating the concrete mixer were based, had such exceptions been presented to and sustained by the trial court, appellant would have the right to amend. Appellant could not be legally deprived of that right by the trial court overruling appellee's demurrer and a motion presented to this court to dismiss the appeal grounded upon the theory that the trial court should have sustained the demurrer. The motion to dismiss the appeal is overruled.

◼ Appellant's assignments of error, directed to the action of the trial court in peremptorily instructing the jury to return a verdict for appellee at the close of appellant's evidence, requires a review of the facts.

The contract between appellee, Ralph Sollitt & Sons Construction Company, and the United States government for the construction of the federal courthouse and post office building in Tyler, Smith county, Tex., was for a consideration in excess of $5,000, and the terms of the agreement relating to the wages to be paid by the contractor to the laborers in constructing the building recites:

"10. Rate of Wage.—The following paragraph pertaining to the rate of wage shall apply to every contract in excess of five thousand dollars ($5,000) in amount:

"The rate of wage for all laborers and mechanics employed by the contractor, or any subcontractor, on the public building covered by this contract shall not be less than the prevailing rate of wages for work of a similar nature in the city, town, village, or other civil division of the State in which the public building is located. In case any dispute arises as to what are the prevailing rates of wages for work of a similar nature applicable to the contract which cannot be adjusted by the contracting officer, the matter shall be referred to the Secretary of Labor for determination and his decision thereon shall be conclusive on all parties to the contract, as provided in the Act of March 3, 1931 (Public No. 798).

"11. Executive Order, January 19, 1932. —In order to effect the purpose of the Act of Mar. 3, 1931, specified above, the following stipulations shall be added to the stipulation required by said Act:

"(A) It is expressly understood and agreed that the aforesaid wages shall be paid unconditionally in full not less often than once a week in lawful money of the

United States, to the full amount accrued to each individual at time of payment and without subsequent deduction or rebate on any account.

"(B) It is expressly understood and agreed that for the purpose of this act every person, while performing work of a laborer or mechanic on the public work covered by this contract, is to be regarded as employed as a laborer or mechanic by the contractor or subcontractor, regardless of any contractual relationship alleged to exist between the contractor or subcontractor and such laborer or mechanic.

"(C) It is understood and agreed that the payrolls of the contractor and all subcontractors and agreements made by the contractor or subcontractor or any other party relating to the employment of laborers or mechanics or the performance of the work of laborers and mechanics on said building, and to the wages or compensation to be paid therefor are to be open to inspection by the contracting officer at such times as the latter may elect, provided that such inspection shall not interfere with the proper and orderly prosecution of the work, and that a clearly legible statement of the rates payable as aforesaid under this contract shall be posted by the contractor in a prominent and easily accessible place at the site of the work so that such statement may be seen at any time by persons engaged on the work.

"(D) It is further expressly understood and agreed that if it should be found by the contracting officer that any laborer or mechanic employed by the contractor or any subcontractor on the public work covered by this contract has been or is being paid a rate of wages less than the prevailing rate of wages, as aforesaid, the Government may, by written notice to the contractor, terminate his right to proceed with the work, or such part of the work as to which there has been a failure to pay said prevailing wages. In such event, it is understood and agreed that the Government may take over the work and prosecute the same to completion by contract or otherwise, and that the contractor and his sureties shall be liable to the Government for any excess cost occasioned the Government thereby."

Appellee and the construction engineer, and a representative of the United States Department of Labor, agreed upon the rate of wages prevailing in the city of Tyler for labor of the following character which was posted in accordance with the contract:

"Tyler, Texas.
"June 27, 1933.

"The following scale of wages has been agreed upon by the undersigned as constituting the prevailing scale in Tyler, Texas, and will apply in the construction of the United States Post Office now under construction effective as of June 30th.

| | |
|---|---|
| Hoisting engineers | $1.00 per hour |
| Structural ironworkers | 1.00 per hour |
| Reinforcing ironworkers | 1.00 per hour |
| Ornamental ironworkers | 1.00 per hour |
| Brick and stone masons | 1.00 per hour |
| Marble setters | 1.00 per hour |
| Tile setters | 1.00 per hour |
| Cement finishers | 1.00 per hour |
| Terrazo workers | 1.00 per hour |
| Carpenters | .872 per hour |
| Electricians | 1.00 per hour |
| Plumbers | 1.00 per hour |
| Steamfitters | 1.00 per hour |
| Asbestos workers (insulators) | 1.00 per hour |
| Painters | .622 per hour |
| Sheet metal workers | 1.00 per hour |
| Plasterers | 1.00 per hour |
| Lathers | 1.00 per hour |
| Unskilled laborers | .30 per hour |

"The above rates not to be altered nor changed until the completion of above named building project.

"By Ralph Sollitt & Sons Const. Co.
"By Lloyd Orr Goble, Const. Engineer.
"By Thos. P. Hyland, U. S. Dept. Labor."

Appellant testified: That he was employed by Ralph Sollitt & Sons Construction Company or its agents in charge about June, 1933, to work upon the federal courthouse and post office building in the city of Tyler, and worked almost continuously until February, 1934. He testified that he went to the foreman and asked for a job, and that the foreman said that he would put him to work and did so. He knew that he was being employed as an unskilled laborer and from the schedule posted that he was to receive thirty cents per hour for the work done upon the building. The man who employed him did not state the amount he was to receive, but he knew the amount from the schedule that was posted weekly. He was paid weekly during the several months of his service at the rate of 30 cents per hour, and made no complaint.

After he had worked upon the federal courthouse and post office building several weeks, he was assigned to the job of signaling the engineer, and worked at this job about 400 hours; later he operated concrete mixer about 250 hours. That he did structural ironwork for about 88 hours, and received 30 cents per hour for this and all other work done upon the building.

That he did not make a demand upon the defendant Ralph Sollitt & Sons Construction Company for $1 per hour for signaling the engineer, or $1 per hour for operating the concrete mixer, or $1 per hour for doing structural ironwork, because he was afraid that the defendant or its agents in charge would discharge him from the job. That in February, 1934, the plaintiff made demand upon the defendant by notifying its agent in charge for $1 per hour for labor done at signaling the engineer, operating the concrete mixer, and doing structural ironwork. Immediately he was fired and discharged from the job by the defendant's agent, R. E. Pritz.

Appellant did not by his own testimony, nor that of any other witness, show that "signaling the hoisting engineer and operating the concrete mixer" was not unskilled labor, or that it came within any of the divisions of the scale agreed upon, or what was the prevailing rate for labor of a like character in the city of Tyler. But his testimony did establish a prima facie case as to that part of his claim in doing structural ironwork. The trial court therefore was in error in directing a verdict in favor of defendant and entering judgment thereon that plaintiff take nothing by his suit.

It is the contention of appellee that appellant was not entitled to recover anything whatever, for the reason that he was not a party to the execution of the contract, and because, it is contended, the contract was not made for his benefit.

It is a rule of general acceptation that a contract made by two parties for the benefit of a third party may be enforced by the latter; but, to entitle such third person to sue on a contract in which he is not named as a party, it must have been made for his benefit as its object, and he must be the party intended to be benefited. United States Fidelity & Guaranty Co. v. Eubanks (Tex.Com.App.) 87 S.W.(2d) 248; House v. Houston Waterworks Co., 88 Tex. 233, 31 S.W. 179, 28 L.R.A. 532. However, it is not necessary that such third party be named in the contract or that the particular person to be benefited thereby be known at the time of its execution. Sapp v. Houston National Exchange Bank (Tex.Com. App.) 266 S.W. 141; 10 T.J. 478, § 278 et seq.

We think the intention is clearly apparent from the terms of the contract, re-lating to the rate and scale of wages to be paid, that such provisions were included for the benefit and protection of the laborers employed in constructing the building. This construction is further fortified by the fact that the United States Department of Labor was a party to the agreement. "The purpose of the Department of Labor shall be to foster, promote, and develop the welfare of the wage earners of the United States, to improve their working conditions, and to advance their opportunities for profitable employment." U.S.C.A., title 5, chap. 11, Department of Labor, § 611.

The judgment of the trial court is reversed, and the cause is remanded.