### WHITTLE MUSIC CO. v. LAMMONS.

#### No. 12221.

Court of Civil Appeals of Texas. Dallas.

March 28, 1936.

R. A. McBean, of Dallas, for appellant.

R. H. Sigler, of Athens, for appellee.

LOONEY, Justice.

H. R. Lammons began this proceeding in the county court of Henderson county, seeking injunctive relief, temporary and permanent, to enjoin the enforcement of a judgment against him in favor of the Whittle Music Company, a corporation, rendered in the justice court of precinct No. 1, Dallas county, presided over by Ben H. Fly, justice of the peace. An order of sale was issued on the judgment and placed in the hands of Pete Wood, constable of precinct No. 1, Henderson county, Tex., who by virtue of the writ, threatened to levy upon and sell a piano alleged to belong to the wife of plaintiff. The music company, Pete Wood, constable, and Ben H. Fly, justice of the peace, were made defendants. The court granted the temporary writ prayed for, and later overruled a motion by the music company to dissolve, from which the music company duly perfected this appeal.

The want of jurisdiction of the county court to enjoin the execution of the judgment was the ground urged for dissolution, and this presents the decisive question for our consideration. The motion to dissolve, in our opinion, should have been sustained. A county court is without jurisdiction to issue the writ of injunction, except in instances where the amount in controversy exceeds $200 and does not exceed $1,000 in value; in other instances, where the applicant shows himself entitled to the relief, either under statutory provisions or principles of equity, the district court alone has jurisdiction to hear and determine the matter.

The value of the subject-matter involved was not alleged, hence the case was not shown to be within the jurisdiction of the county court. In De Witt County v. Wischkemper, 95 Tex. 435, 437, 67 S.W. 882, 883, the Supreme Court, in an opinion by Judge Brown, announced the controlling rule, as follows: "By section 16, art. 5, of the constitution of this state, the jurisdiction of county courts is thus defined: 'They shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200 and not exceed $500, exclusive of interest, and concurrent jurisdiction with the district court when the matter in controversy shall exceed $500 and not exceed $1,000, exclusive of interest; * * *

234

and the county court or judge thereof shall have power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court.' In the cases of Dean v. State, 88 Tex. 290, 296, 30 S.W. 1047, 31 S.W. 185, and Johnson v. Hanscom, 90 Tex. 321, [37 S.W. 601] 38 S.W. 761, this court held that the power of the county court to issue writs of mandamus under the section of the constitution above quoted was limited to cases exceeding $200 and not exceeding $1,000. The same rule is applicable to writs of injunction, which can only be issued by the county courts where the matter in controversy exceeds $200 and does not exceed $1,000 in value. In this case no value of the subject of the suit is alleged; therefore the application for the writ of injunction does not bring the case within the terms of the constitution, and the county court had no jurisdiction to issue the writ of injunction upon the facts stated." Also see Colson Co. v. Powell (Tex.Civ.App.) 13 S.W.(2d) 405; Boyd v. Adcock (Tex.Civ.App.) 21 S.W.(2d) 743.

The order of the court refusing to dissolve the temporary injunction is reversed, and judgment is here rendered in favor of appellant, dissolving the writ.

Reversed and rendered.