HERMILA T. VDA OLLOQUI V. ANSELMO DURAN.

No. 6592. Decided April 1, 1936.
(92 S. W., 2d Series, 436.)

*Frank R. Graves,* of Fort Worth, for plaintiff in error.

The county court being a court of limited jurisdiction it was necessary that plaintiff's petition affirmatively show that the court had jurisdiction to render judgment and his suit being for a debt and for foreclosure of a chattel mortgage lien it was fundamental error for the court to render judgment foreclosing a chattel mortgage lien on personal property the value of which does not appear in plaintiff's petition. Kipp v. Anglin, 270 S. W., 893; Myers v. Dodson, 254 S. W., 1112; Wilson v. Ford, 159 S. W., 73.

*B. W. Ashworth, C. E. Farrall,* and *A. A. Kern,* of Dallas, for defendant in error.

Although the petition may have alleged the value only in a manner that is evidentiary, the parties having treated and construed it as sufficient throughout the history of the case to show value, it should be construed as sufficient to fix jurisdiction. 31 Cyc., 714, 723; 21 R. C. L., 464, sec. 30; Cantrell v. Cawyer, 162 S. W., 919; Reeves v. Fuqua, 183 S. W., 34.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Defendant in error, Anselmo Duran, who will be referred to herein as plaintiff, brought this suit in the County Court of Dallas County, at Law No. 2, against plaintiff in error, Hermila T. Vda Olloqui, referred to herein as defendant. Plaintiff sued for the sum of $266.31, balance on a note, with interest and

attorney's fee, and to foreclose a mortgage lien on certain personal property. A judgment was rendered in favor of plaintiff with foreclosure of the mortgage lien and this judgment was affirmed by the Court of Civil Appeals. 60 S. W. (2d) 808.

The writ of error was granted upon conflict in decisions. It was urged in the Court of Civil Appeals that the county court was without jurisdiction because the petition did not allege the value of the personal property upon which the mortgage lien was foreclosed. The Court of Civil Appeals held that this was not jurisdictional. The precise holding is as follows:

"In a suit to foreclose a chattel mortgage, it is not essential that the value of the property be shown to confer jurisdiction, but in order to oust the court of such jurisdiction, it is essential to affirmatively show that the amount in controversy exceeds its jurisdictional amount."

■■ This holding is in conflict with the holding of the Supreme Court and of courts of civil appeals in numerous cases. The Supreme Court has in the case of Campsey v. Brumley (Com. App.), 55 S. W. (2d) 810, directly settled the proposition that in a case in the county court seeking to foreclose a mortgage lien, a petition which does not allege the value of the mortgaged property is not sufficient to support a judgment, and the question is one which can be raised on appeal as fundamental error.

The only allegation in the petition tending to show value of the property was the allegation that "the amount of the purchase price being $516.31." This was not sufficient. Smith v. Horton, 92 Texas, 21, 46 S. W., 627.

The judgments of the County Court and of the Court of Civil Appeals are set aside, and the cause is remanded.

Opinion adopted by the Supreme Court April 1, 1936.