**THOMPSON v. DAILEY et al.**

No. 2915.

Court of Civil Appeals of Texas. Beaumont.

June 19, 1936.

Rehearing Denied July 1, 1936.

W. B. Thomas, of Groveton, for plaintiff in error.

Kennedy & Granberry, of Crockett, for defendant in error.

WALKER, Chief Justice.

Fundamental error appears on the face of the record in this case, which originated in the county court of Houston county. The action was by defendants in error against plaintiff in error and her husband upon a promissory note in the sum of $472.46, and to foreclose a chattel mortgage lien on a Chevrolet truck and a Chevrolet coach, with no allegation as to the value of the mortgaged property. On trial to the court without a jury, judgment was rendered to the effect that defendants in error recover against plaintiff in error all the relief prayed for, and that they recover nothing against her husband. It was held by Judge Critz, now a member of the Supreme Court, speaking for the Commission of Appeals in Campsey v. Brumley, 55 S.W.(2d) 810, that the plaintiff's petition in the county court must "affirmatively show jurisdiction," and that a judgment rendered by a county court on a

petition which fails affirmatively to plead facts bringing the case within its jurisdiction "presents fundamental and reversible error." Judge Critz cited many authorities in support of that conclusion. See, also, Tant v. Baldwin Piano Co. (Tex.Civ.App.) 217 S.W. 239, and authorities therein cited, and Booher v. Brown (Tex.Civ.App.) 87 S.W.(2d) 330, and authorities therein cited, and Whittle Music Co. v. Lammons (Tex.Civ.App.) 93 S.W.(2d) 233, and authorities therein cited. In Olloqui v. Duran, 92 S.W.(2d) 436, 437, this very point was again before the Supreme Court; speaking for the Commission of Appeals in that case, Judge German said: "The Supreme Court has in the case of Campsey v. Brumley, 55 S.W.(2d) 810, directly settled the proposition that, in a case in the county court seeking to foreclose a mortgage lien, a petition which does not allege the value of the mortgaged property is not sufficient to support a judgment, and the question is one which can be raised on appeal as fundamental error."

For the reasons discussed, the judgment of the lower court must be reversed and the cause remanded, and it is accordingly so ordered.

This appeal was originally filed in the Galveston Court of Civil Appeals and transferred to this court by order of the Supreme Court.