## PARSONS v. JOHN DEERE PLOW CO.

### No. 4854

Court of Civil Appeals of Texas. Amarillo.

Feb. 14, 1938.

Griffin & Morehead, of Plainview, for plaintiff in error.

Stone & Guleke, of Amarillo, for defendant in error.

FOLLEY, Justice.

The John Deere Plow Company, defendant in error in this court and plaintiff in the trial court, filed this suit in the county court of Potter county, Tex., against A. O. Parsons, plaintiff in error here and defendant in the court below. We shall give the parties their trial court designation.

On a plea of privilege of the defendant the cause was transferred to the county court of Hale county, Tex. The plaintiff's cause of action was based upon a debt evidenced by promissory notes in the sum of $205, with interest and attorneys' fees, said debt being secured by a chattel mortgage on one John Deere row binder. Appropriate allegations were made as to the indebtedness, but there were no allegations as to the value of the mortgaged property. The defendant, by his attorney, filed a general demurrer and general denial. The trial court rendered judgment on January 11, 1937, in favor of the plaintiff against the defendant in the sum of $246.75, together with a foreclosure of its chattel mortgage upon the row binder, and directed an order of sale be issued. From such judgment the defendant, by proper petition and bond for writ of error, has duly perfected an appeal to this court.

The defendant assigns as error the failure of plaintiff's petition to allege the value of the mortgaged property, which defect he asserts failed to give the trial court jurisdiction of the controversy and that the error is fundamental. The plaintiff admits the error as alleged by the defendant. The chief controversy now between the parties is whether or not the cause should be reversed and remanded or dismissed by this court. The plaintiff contends that since the trial court had no jurisdiction that this court is without jurisdiction. Also, the question of costs is an issue between the parties.

We think it is well settled that the amount in controversy in a cause of

971 .

action must be determined by the petition. In this case, although the amount of recovery sought was within the jurisdiction of the county court, the petition is silent as to the value of the mortgaged property. This omission, we think, is fatal. This same question was passed upon in the case of Campsey v. Brumley, 55 S.W.2d 810, 812, by the Commission of Appeals, in an opinion by Judge Critz, wherein the following language is used: "It is settled that the petition must affirmatively show jurisdiction, and a judgment rendered by a county court on a petition which fails to affirmatively plead facts bringing the case within its jurisdiction presents fundamental and reversible error." Numerous authorities were cited in that case in support of this rule.

The Campsey v. Brumley Case was, reversed and the cause remanded to the county court for a new trial. The facts in that case were almost identical to the facts in the instant case.

A more recent expression of the Supreme Court on this question is found in case of Brown et al. v. Peters, 127 Tex. 300, 94 S.W.2d 129, 130, in an opinion by Judge Smedley of the Commission of Appeals. The facts in that case presented the same question as herein involved. In that case the omission of an allegation of value of the property in the petition in county court was supported by such an allegation in an affidavit for sequestration to impound the mortgaged property. That case is decisive in support of the rule above announced, and it goes further and holds that the allegations in the affidavit for sequestration are insufficient to cure the fatal effect of the omission in the petition itself. In passing on this question, Judge Smedley, speaking for the court, said: "The necessary jurisdictional averments must appear in the petition itself. The petition is the first step in the institution of suit, the first page in the record which will conclude the rights of the parties. It invokes the jurisdiction of the court and presents the facts relied upon for relief. Since these are its purposes and functions, it must not only state a cause of action, but must affirmatively plead facts which bring the case within the jurisdiction of the court in which it is filed."

The Court of Civil Appeals, 58 S.W.2d 1063, in the Brown et al. v. Peters Case, reversed the judgment of the trial court and remanded the cause for a new trial. Such judgment of the Court of Civil Appeals was

affirmed by the Supreme Court. It is evident that both the appellate courts, in passing on that case, were of the opinion that the proper disposition of the cause was to reverse and remand rather than dismiss.

We recognize the rule that the appellate courts are given some discretion as to taxing costs, and that in certain instances some modifications may be made in the rule announced in article 1870, R.C.S. of 1925, as amended, Vernon's Ann.Civ.St. art. 1870, that the appellee shall be taxed with the costs in any case reversed. However, we are of the opinion that the instant case is not one which comes within such exceptions.

The judgment of the trial court is therefore reversed and the cause remanded.