## BISHOP & BABCOCK SALES CO. v. HALEY.

### No. 3257.

Court of Civil Appeals of Texas. Beaumont.

March 17, 1938.

Rehearing Denied April 13, 1938.

Saner, Saner & Jack, Alfred Sallinger, and R. L. Dillard, Jr., all of Dallas, for appellant.

Jones & Jones, of Mineola, for appellee.

WALKER, Chief Justice.

Appellee, W. J. Haley, instituted this suit in county court of Wood county against appellant, Bishop & Babcock Sales Company, to cancel a promissory note in the principal sum of $1,138, dated the 9th day of August, 1932, given by appellee to appellant as the balance of the purchase price of a soda fountain, and a chattel mortgage covering the soda fountain given by him to appellant to secure the payment of the note; we quote as follows from appellee's petition:

"Plaintiff says that there is now due upon said soda fountain about the sum of $250.00, that it is not worth more than $750.00, that the decrease in value is due entirely to the failure of the defendant to properly install said soda fountain and its equipment."

Appellee also prayed for damages in the sum of $750, suffered by him by reason of appellant's breach of its contract to install properly the soda fountain in his place of business in the city of Mineola, Wood county. Appellant answered by general demurrer, challenging the jurisdiction of the county court to hear and adjudicate appellee's cause of action, on the ground that the amount in controversy exceeded the jurisdiction of the county court, and by special plea in the nature of a cross-action against appellee praying for judgment for the balance due on the note, alleged to be $178, with interest and attorneys' fees, and for foreclosure of the chattel mortgage lien. The verdict of the jury gave appellee damages in the sum of $460 for breach of contract, and appellant damages in the sum of $243.61, the balance due on its note; appellee was given judgment with execution against appellant for the sum of $216.39, the difference between the $460 and the $243.61. Appellant duly prosecuted its appeal to the Texarkana Court of Civil Appeals; the case is on our docket by order of transfer by the Supreme Court.

■ The court erred in overruling appellant's general demurrer, challenging the jurisdiction of the county court. By the allegations of appellee's petition, the following amounts were in controversy: (a) The balance due on the note, alleged by him to be $250, and by appellant in its cross-action to be $178; (b) the value of the mortgaged property, alleged by appellee to be $750; and (c) the damages claimed by appellee for breach of contract, alleged by him to be $750. In suits in county court to foreclose a chattel mortgage lien, the value of the property must be alleged. Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129; Thompson v. Dailey, Tex.Civ.App., 95 S.W.2d 1007; Olloqui v. Duran, 127 Tex. 156, 92 S.W.2d 436; Booher v. Brown, Tex.Civ.App., 87 S.W.2d 330; vol. 1, Sup.Tex.Jur. 982; and, where the value of the property exceeds the amount of the debt, it determines the jurisdiction of the court. Peters v. Hubb Diggs Co., Tex. Civ.App., 35 S.W.2d 449. The reason for this rule of law was thus stated by Judge Wheeler, speaking for our Supreme Court in Marshall v. Taylor, 7 Tex. 235: "The matter in controversy was not only the debt, but the security given for its payment. The litigation comprehended as well the subject matter of the mortgage, as

774

the debt; and that was alleged to be of value sufficient to give jurisdiction to the District Court."

So, since, in a suit to foreclose a chattel mortgage lien the matter in controversy is not only the debt but the value of the security given for its payment, the same rule must give jurisdiction to the court to cancel a debt and the mortgage given for its security. True, the unpaid balance on the note in issue, as alleged by appellee together with the damages prayed for by him, amounted only to $1,000, a sum within the jurisdiction of the county court, but appellee alleged the value of the mortgaged property to be $750. The value of the mortgaged property, $750, added to the damages prayed for, $750, made $1,500, a sum beyond the jurisdiction of the county court.

It follows that the judgment of the lower court should be reversed and the cause remanded, Hearn v. Ralph Sollitt Const. Co. et al., Tex.Civ.App., 93 S.W. 2d 551; Commercial Inv. Trust, Inc., v. Smart et al., Tex.Civ.App., 69 S.W.2d 805; and it is ordered.

Reversed and remanded.