## GRADDY v. LE BUS.

### No. 5379.

Court of Civil Appeals of Texas.

Texarkana.

March 23, 1939.

Edwin M. Fulton, of Gilmer, and W. C. Hancock, of Gilmer, for plaintiff in error.

Hatchell & Hatchell, of Longview, for defendant in error.

JOHNSON, Chief Justice.

Defendant in error, George F. Le Bus, filed his suit in the County Court of Gregg County against plaintiff in error, R. A. Graddy, defendant in the trial court. Plaintiff's petition alleges that on or about November 29, 1935, ·R. A. Graddy executed and delivered to the Le Bus Rotary Tool Works his certain promissory note in the principal sum of $1500, bearing interest from date at the rate of 8% per annum, and providing for the payment of 10% on the amount due as attorney's fees upon default in payment at maturity and the note placed in the hands of an attorney for collection; that to.secure the payment of the note R. A. Graddy executed and delivered his certain chattel mortgage lien on the following described personal property: "1-5-B union Tool Portable Draw Works with advanced cathead and compund brakes. 2-90 H. P. Oil Well boilers." That said note was due and payable in installments of $500 each, ·January 29th, February 29th, and March 29th, 1936; that the plaintiff was· the legal owner and holder of said note and mortgage lien; that the first two installments had been paid, but that the defendant had failed and refused to pay the third installment on which there was due the sum of $500 principal and $26.66 interest. Plaintiff asked judgment for his debt, principal, interest and attorney's fees, and for foreclosure of his mortgage lien. The petition nowhere alleged the value of the mortgaged property upon which the lien was sought to be foreclosed. The defendant answered by general demurrer and general denial. Judgment was rendered in favor of the plaintiff for the sum of $526.-66 principal and interest, and $52.66 attorney's fees, foreclosed the mortgage lien, ordered the property sold as under execution and the proceeds applied upon the judgment. The defendant has appealed.

 Appellant has assigned as error the action of the trial court in rendering the judgment against him, for the reason that plaintiff's petition failed to show jurisdiction in the county court, in that it nowhere alleged or in any manner showed the value of the mortgaged property. The assignment is sustained under the authorities.

"The Supreme Court has in the case of Campsey v. Brumley, 55 S.W.2d 810, directly settled the proposition that, in a case in the·county ·court seeking to foreclose a mortgage lien, a petition which does not allege the value of the mort-

gaged property is not sufficient to support a judgment, and the question is one which can be raised on appeal as fundamental error." Olloqui v. Duran, 127 Tex. 156, 92 S.W.2d 436, 437.

 "It is well settled that 'jurisdiction, in so far as matter or amount in value in controversy is concerned, must be determined by the petition, and that question is concluded by its averments in so far as they state facts in relation to the thing in controversy, unless it otherwise appears that a plaintiff on framing his petition has improperly sought to give jurisdiction where it does not properly belong.' (Dwyer v. Bassett & Bassett, 63 Tex. 274, 276); and, further, that a petition in a suit in county court for the recovery of an amount within the court's jurisdiction and for foreclosure of a contract lien securing the debt upon personal property is insufficient to invoke the jurisdiction of the court and is subject to general demurrer as failing affirmatively to show jurisdiction, when it contains no allegation of the value of the property." Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129, 130, and authorities there cited.

To the same effect is Vera v. D. V. Brooks Co., 127 Tex. 306, 94 S.W.2d 132; Kinney-Shotts Investment Co. v. D. V. Brooks Co., 127 Tex. 307, 94 S.W.2d 132; Thompson v. Dailey, Tex.Civ.App., 95 S.W.2d 1007.

The judgment is reversed and the cause remanded.