## MATTHEWS v. WEBB.

### No. 5041.

Court of Civil Appeals of Texas. Amarillo.

June 12, 1939.

W. A. Griffis, Jr., of Seagraves, for appellant.

R. L. Graves, of Brownfield, for appellee.

JACKSON, Chief Justice.

B. L. Webb, the appellee, instituted this suit in the county court of Terry County against the appellant, Robert E. Matthews, to recover the sum of $256.08, with interest and attorney's fees, evidenced by a promissory installment note, executed by appellant and payable to appellee in twelve equal monthly payments.

The appellee alleged the acceleration clause in the note, the breach thereof, and the exercise of his option to mature the note and sue for the collection thereof.

He also pleaded "that at the time of the execution of said note, and to secure the payment of same, the defendant made, executed and delivered to the plaintiff a chattel mortgage upon one Ford 4-door sedan, engine No. 1281092, and that said lien is just and true and unsatisfied lien against said automobile."

He prayed that defendant be cited and on a final hearing he have judgment for his debt, interest and attorney's fees and "for a foreclosure of his chattel mortgage lien and that said property be ordered sold as by law provided," and for general and equitable relief.

The court, in compliance with the verdict of the jury, rendered judgment in favor of the appellee for the sum of $287.67 and costs of suit and for a foreclosure of the mortgage lien upon the Ford sedan covered thereby, from which judgment this appeal is prosecuted.

The appellant by proper assignment challenges as error the action of the court in rendering judgment against him because the petition, he says, failed to allege the value of the property on which the fore-

closure of a lien is sought, and hence was insufficient to show jurisdiction of the subject matter of the suit by the county court of Terry County.

There is no allegation in appellee's petition pleading the value of the automobile on which he sought to foreclose his mortgage lien, hence this assignment must be sustained. Campsey v. Brumley, Tex.Civ. App., 55 S.W.2d 810, 811; Olloqui v. Duran, 127 Tex. 156, 92 S.W.2d 436.

The judgment is reversed and the cause remanded.