## BERGER et al. v. TIEMANN.

### No. 10873.

Court of Civil Appeals of Texas. Galveston.

Oct. 26, 1939.

Rehearing Denied Nov. 29, 1939.

Charles Fertsch, of Hallettsville, for appellants.

C. L. Stavinoha, of Hallettsville, for appellee.

GRAVES, Justice.

This appeal by Adolph Berger, Jr., Emil Fiedler, Herbert Fiedler, J. J. Morris, and William Pietsch, is from a judgment of the county court of Lavaca County, whereby Adolph M. Tiemann was awarded respective recoveries as growing out of a promissory note, together with a chattel-mortgage securing it, which Berger, Jr., had given to Tiemann, in these sums: $566.69 against Berger, Jr., $220 against the two Fiedlers jointly, $127.50 against Emil Fiedler individually, and $42.50 each against Morris and Pietsch; foreclosure in appellee's favor against the named appellants of the lien upon all the property, as described and called for in the chattel-mortgage, was also decreed.

It is made to appear from the record in this court that the appellee's suit was upon the note alleged to have been given him by Berger, Jr., in the sum of $475.84, with 8% ·interest and 10% attorney's fees provided for, secured by a chattel-mortgage lien upon certain livestock, together with all the cotton and corn raised by Berger upon a farm in Lavaca County for the year 1937, less small exceptions for landlord's rentals; the stock were described and the value thereof duly alleged as totaling $455, a sum well within the jurisdiction of the court, but it was further averred that there were also 11 bales of cotton covered by the mortgage grown upon the place for that year, which the two Fiedlers were charged to have converted to their own use and benefit, the value of which was in no way alleged nor shown; it was likewise so with reference to a certain amount of corn, alleged to have been grown upon the premises along with the cotton.

 It thus indisputably appears upon the face of the proceedings that the appellee in his petition failed to affirmatively show that the county court of Lavaca County had jurisdiction to entertain the cause at all; the appellants duly protested on that ground, as well as in other ways by further presenting and urging a general demurrer to the appellee's trial petition, but their objections were overruled, and the court, after submitting special issues of fact to the jury and receiving its verdict thereon, rendered the judgment stated against them. That was error requiring a reversal. Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129; Parsons v. John Deere Plow Co., Tex.Civ.App., 113 S.W.2d 970; Constitution of Texas, Art. 5, Sec. 16, Vernon's Ann.St.; Campsey v. Brumley, Tex.Com.App., 55 S.W.2d 810; Thompson v. Dailey, Tex.Civ.App., 95 S.W.2d 1007; Bishop & Babcock Sales Co. v. Haley, Tex. Civ.App., 115 S.W.2d 772, 774.

 It is true that appellee alleged the 11 bales of cotton, and the corn grown along with it, to have been sold and disposed of by the two Fiedlers, and that the proceeds thereof—without alleging the

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

amount or the value—had been converted to their own use and benefit, without his consent or knowledge; but nevertheless he further, as recited supra, also alleged in his petition a right to a foreclosure upon all the property described in the mortgage —inclusive of such cotton and corn—and he, in addition, obtained a judgment of foreclosure thereupon against all of the appellants; so that, the relief thus sought and obtained was had without anywhere showing that the court pronouncing the judgment had jurisdiction, since the amount in controversy in such a case, as the cited authorities' make manifest, is governed by the value of the personal property sought to be foreclosed upon. Indeed, while appellee's petition thus definitely failed to show the amount in controversy not to exceed the maximum for the county court of $1000, the answers of the appellants as definitely showed it to be well over that sum.

Without further discussion, the judgment will be reversed and the cause dismissed.

Reversed and dismissed.