## BOWERS v. MABRY.

### No. 5393.

Court of Civil Appeals of Texas. Amarillo.

Feb. 9, 1942.

Geo. W. Neill and R. L. Graves, both of Brownfield, for appellant.

Burton G. Hackney, of Brownfield, for appellee.

FOLLEY, Justice.

This is an appeal from an order dismissing a cause originating by distress warrant. On February 19, 1941, the appellant, T. J. Bowers, filed in the justice court of Precinct No. 1 of Terry County an affidavit and bond for a distress warrant to seize and sell certain personal property of his tenant, J. H. Mabry, the appellee, in satisfaction of an amount of $515 due the appellant by the appellee for rents and advances. A landlord's lien was asserted as against the property. The indebtedness involved was $150 for rents due upon the 1940 crop made by the appellee, $248.40 for money advanced to the appellee for the purchase of a Farmall tractor No. 12, and $116.60 for the value of feed advanced to the appellee for making the 1940 crop. The warrant and citation were issued the same day the affidavit and bond were filed. They were made returnable to the county court of Terry County. The sheriff executed the warrant on February 20, 1941, by taking into his possession all of the crops on the north 190 acres of Section 24, Block DD, Terry County, and the Farmall tractor. The citation served upon the appellee commanded him to appear at the next term of the county court beginning on, May 5, 1941.

On May 5, 1941, the appearance day of the county court, the appellee filed a general denial. The appellant failed to file his petition on or before such appearance day, as required by Article 5235, Vernon's Ann. Civ.St., which was then in force but now is superseded by Rule 620 of the new rules of the Supreme Court. Such petition was filed, however, on May 20, 1941, asserting the debt and lien. The court entered an order as of date of May 20, 1941, dismissing the cause, upon which action this appeal is predicated. As a factual basis for the dismissal, the court found in the order that the appellant had failed to file his petition "before the return day" and that no petition had been filed "at the time said cause was called for trial." Such order failed to state that the petition had not been filed before the order of dismissal was made. In appellant's bill of exceptions, approved as correct by the court, it is certified, over the court's signature, that the petition of the appellant was filed before the case was called for trial, before the appellee filed a motion to dismiss the cause, and before any order had been made by the court dismissing the same. The bill further certifies that a copy of appellant's petition was furnished to the attorney for the appellee immediately after it was filed; that prior to the dismissal the appellant's attorney informed the court that the petition was on, file and tendered evidence from the clerk of the court in support of his statement, which testimony was refused by the court; and that the attorney for the appellant "did not know until May 26, 1941, about 10 o'clock a. m. on said day that the court had entered an order in said cause, and had dated the same as of May 20th 1941." This bill of exceptions affords the basis of appellant's complaint to the effect that the court erred in dismissing his suit under the facts stated.

From the foregoing statement it is apparent there is a conflict in the recitation of facts in the order of dismissal and in the bill of exceptions, particularly with reference to whether or not appellant's petition was filed before the cause was called for trial. However, the court's order does not contradict the statements in the bill of exceptions that appellant's petition was filed before the appellee made a motion for dis-

missal and before any order had been made dismissing the cause. Nor does the order contradict the recitation in the bill that prior to the dismissal the court was informed by appellant's counsel that a petition had been filed by the appellant.

Regardless of the variance between the statements in the order and in the bill of exceptions, and irrespective as to which shall control, the facts recited in the bill which are not in conflict with the order must be given verity. It follows that the record unquestionably shows that the petition of the appellant was filed before the cause was dismissed. In dismissing the suit under such circumstances, we think the court was in error. In the case of Bateman et al. v. Maddox, 86 Tex. 546, 26 S.W. 51, it was held by our Supreme Court that where a distress warrant is issued and plaintiff fails to file his petition at the return term of the writ as required by the statute, he may file the same at any subsequent time prior to the dismissal of the action. Apparently, the wholesome rule thus announced has since been unquestioned by any of the courts of this State. Hartsfield et al. v. Ferguson, Tex.Civ.App., 109 S.W.2d 364.

In view of another trial, it should be stated that appellant's petition nowhere alleges the value of the property upon which foreclosure was sought. For such omission the petition was subject to a general demurrer in that it did not affirmatively show that the county court had jurisdiction of the controversy. Brown et al. v. Peters, 127 Tex. 300, 94 S.W.2d 129; Campsey v. Brumley, Tex.Com.App., 55 S.W.2d 810; Olloqui v. Duran, 127 Tex. 156, 92 S.W.2d 436; Parsons v. John Deere Plow Co., Tex.Civ.App., 113 S.W.2d 970; Matthews v. Webb, Tex.Civ.App., 129 S.W.2d 1161. However the dismissal was not based upon this defect, but upon another theory which we have held erroneous. The fact that jurisdiction is not shown by the petition is not conclusive that it does not exist. Therefore, we are unwarranted in saying that the court's action in dismissing the suit, though predicated upon the wrong theory, was errorless because the petition did not show jurisdiction. Under the circumstances we think the appellant should be afforded the opportunity to amend his pleadings to show jurisdiction if it actually exists, which requires a reversal of the judgment. McIntyre v. Oliver Motor Co., Tex.Civ. App., 20 S.W.2d 241; Dempster Mill Mfg.

Co. v. Humphries, Tex.Civ.App. 189 S.W. 1110; Hearn v. Ralph Sollitt & Sons Const. Co., Tex.Civ.App., 93 S.W.2d 551; 11 Tex. Jur. 745, par. 28.

The judgment is reversed, and the cause remanded.