**USSERY v. HILLIER.**

No. 4729.

Court of Civil Appeals of Texas. El Paso.

May 31, 1950.

Rehearing Denied June 21, 1950.

Lon D. Herbert, Alice, for appellant.

David A. Grose, Alice, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the County Court of Jim Wells County. Appellant was plaintiff and appellee was defendant in the trial court. The court sustained certain special exceptions of defendant to plaintiff's original petition and plaintiff's first supplemental petition, and upon refusal to amend, dismissed plaintiff's cause of action and awarded defendant his costs.

By his original petition filed July 15, 1949, plaintiff alleged that on July 6, 1949, he recovered a judgment in cause No. 1197 in the County Court of Jim Wells County against Grayson L. White for the sum of $459.23 and costs amounting to $14.95; that since said judgment was taken it had come to his attention that the debt upon which it was founded was secured by a Constitutional mechanic's lien upon a certain oil well mud pump in the possession of defendant, who was a partner with White at the time the suit was filed, and that such debt had been assumed by defendant, who had notice of plaintiff's lien. Plaintiff prayed for judgment against defendant for the amount of the judgment against White, including costs and interests from May 6, 1949 (evidently intended July 6, 1949, the date of the judgment against White) at the rate of 10% per annum and for foreclosure of his Constitutional mechanic's lien against the mud pump. By his first amended original answer, filed August 29, 1949, among other defenses defendant specially excepted to plaintiff's original petition because the allegations thereof to effect that plaintiff was entitled to a Constitutional mechanic's lien on the pump constituted mere conclusions of the pleader and failed to put defendant on notice of any facts upon which such lien might have been established. He

also alleged that the, cause of action in which plaintiff recovered judgment against White was founded on a promissory note, for $389.85, executed by White without reference to any lien, and plaintiff elected to sue on such note and obtained judgment thereon against White on July 6, 1949 without joining defendant and without reference to any lien. By his first supplemental petition filed September 10, 1949, plaintiff alleged that "in accordance with the exceptions stated in defendant's answer" material furnished by plaintiff to White and defendant in the repair of the mud pump was as shown in an itemized statement attached. This statement shows a balance of indebtedness of $389.50 to be due from White to plaintiff for the repair of the mud pump. Plaintiff prayed for judgment as set out in his original petition. On September 19, 1949, defendant filed his second amended answer in which he levelled various special exceptions at plaintiff's original petition and first supplemental petition. The court sustained four of these exceptions, and upon plaintiff's refusal to amend dismissed his suit. Exceptions Nos. III and IV are as follows:

"III. Defendant specially excepts to Plaintiff's original and supplemental petition because the same are insufficient in law in that they recite only a judgment was taken in cause number 1197 in this court, to which this defendant was not a party, and upon a promissory note not executed by this defendant nor assumed by him, especially or impliedly, nor any benefit accepted by him thereunder, and at a time when he was in no way associated with the maker of said note, Grayson L. White, and therefore fails to state any grounds to support the judgment against this Defendant as prayed for—the Plaintiff's petition, of which exception Defendant prays judgment that Plaintiff take nothing by his suit and that Defendant go hence with his costs without day."

"IV. Now Comes, Defendant and excepts to Plaintiff's original petition and supplemental petition filed herein because Plaintiff's petitions are insufficient in law in that Plaintiff prays for judgment of the court for foreclosure of an alleged constitutional lien on a certain mud pump now owned by this Defendant, but wholly fails to show any account of filing an affidavit so as to give notice and to preserve such lien if any such lien ever existed, so as to permit him to follow such mud pump into the hands of this Defendant for the purpose of now fixing the alleged constitutional lien upon such mud pump, but states in his first supplemental petition under paragraph two, in regard to said note the following, 'That the same was given in settlement of the account for labor performed and material furnished on the mud pump described in Plaintiff's petition;' Plaintiff thereby clearly showing an abandonment of his account for labor and material upon which such constitutional lien was allegedly based, and further fails to show that the said line, if such ever existed, was preserved, renewed or extended in said note, but on the other hand clearly shows a novation and an abandonment of his cause of action on the account for labor and material furnished and an abandonment of his alleged constitutional lien.

"Wherefore, Defendant prays judgment of the Court that Plaintiff take nothing by his suit and Defendant go hence with his costs without day."

These exceptions were good and the court did not err in sustaining them. It is quite clear from an inspection of plaintiff's original petition and his first supplemental petition that his alleged cause of action is based on the judgment rendered against Grayson L. White in cause No. 1197 and not on his account for labor and material furnished in repair of the mud pump. It is also clear from an inspection of the petition and judgment in cause No. 1197, which are referred to and made a part of plaintiff's original petition and which are included in the transcript, that the judgment in that suit is based on a promissory note executed by Grayson L. White alone. Therefore, even though it be assumed, as it must be, that Hillier was a partner with White when the suit in cause No. 1197 was filed and assumed the debt on which the judgment in cause No.

1197 was founded, and that he had notice thereof, such facts will not render him liable on the note to which he was not a party. Art. 5932, Sec. 18, R.C.S. Plaintiff's allegation in his first supplemental petition: "II. That the note given by Grayson L. White was dated, executed and delivered at a time when he was in partnership with the defendant, J. E. Hillier, to-wit: the 22nd day of April, 1948; that the same was given in settlement of the account for labor performed and material furnished on the mud pump described in plaintiff's petition, * * *" is tantamount to an allegation or admission that the parties intended that the obligation represented by White's note was accepted by plaintiff in lieu of the alleged obligations of White and Hillier on the account for labor performed and material furnished, and that such obligations were thereby discharged. "Settlement" is defined by Webster's New International Dictionary as "Payment or adjustment of an account, Satisfaction of a claim by terms of an agreement." In other words, this allegation is in effect that there was a novation by substitution of White's obligation evidenced by the note, for the obligations of White and Hillier for labor performed and material furnished in the repair of the pump. The ten per cent interest and ten per cent attorneys fees provided by the note and plaintiff's relinquishment of his right to sue immediately on the account constituted a valid consideration for such novation. Therefore as to the alleged cause of action the quoted exceptions were properly sustained.

We think it proper to add that the plaintiff nowhere alleged the value of the mud pump on which he sought to foreclose a lien. It was incumbent upon him to do so in order to show jurisdiction in the County Court of Jim Wells County. Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129, loc. cit. 130 (1, 2), and authorities cited. No exception to this defect was made in the trial court and no point as to it is made here. Had the point been properly raised the proper judgment of this court would be to reverse the trial court's judgment and remand the case. Bowers v. Mabry, Tex.Civ.App, 159 S.W.2d 529, loc. cit. 531 (3, 4). However, under the present rules it is our view that we cannot consider this point as fundamental error. It is therefore ordered that the judgment of the trial court be and it is in all respects affirmed.

Affirmed.